**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

TELECOMMUNICATION SYSTEMS, INC.,
a Maryland company,

        Plaintiff,

v.

TRACBEAM, L.L.C.,
a Colorado limited liability company,

        Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND**

Plaintiff, TeleCommunication Systems, Inc. ("TCS"), by and through its undersigned counsel, alleges as follows:

**NATURE OF THE CASE**

1. This is an action for declaratory judgment of noninfringement and invalidity of two (2) United States patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and for such relief as the Court deems just and proper.

**PARTIES**

2. Plaintiff TCS is a Maryland corporation with its principal place of business at 275 West Street, Annapolis, MD 21401.

3. On information and belief, Defendant TracBeam L.L.C. ("Defendant" or "TracBeam") is a limited liability company incorporated in the State of Colorado and is the owner of the patents at issue in this case. TracBeam is identified as the assignee and owner of U.S. Patent No. 7,764,231 ("the '231 patent") and U.S. Patent No. 7,525,484 ("the '484 patent") (collectively "the patents-in-suit"). TracBeam is in the business of enforcing and licensing patents. On information and belief, TracBeam does not sell or offer for sale any products.

## JURISDICTION AND VENUE

4. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

5. This Court has personal jurisdiction over TracBeam because TracBeam is incorporated in Colorado.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), as on information and belief, TracBeam's principal place of business is within this judicial district.

## FACTS

7. According to the U.S. Patent and Trademark Office ("USPTO") Assignments Database, TracBeam is the sole assignee of U.S. Patent No. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station Techniques," which issued on July 27, 2010. A copy of the '231 patent is attached as Exhibit 1.

8. The USPTO Assignments Database also reflects that TracBeam is the sole assignee of U.S. Patent No. 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location," which issued on April 28, 2009. A copy of the '484 patent is attached as Exhibit 2.

9. On February 25, 2011, TracBeam filed suit in the Tyler Division of the United States District Court for the Eastern District of Texas against AT&T Inc., AT&T Mobility L.L.C. (collectively "AT&T"), MetroPCS Communications, Inc., MetroPCS Wireless, Inc., Texas RSA 7B3, L.P. D/B/A/ Peoples Wireless Services, Sprint Nextel Corporation, Sprint Spectrum L.P., Nextel of California, Inc., Nextel Communications of the Mid-Atlantic, Inc., Nextel of New York, Inc., Nextel South Corp., Nextel of Texas, Inc., Nextel West Corp., and Cellco Partnership d/b/a Verizon Wireless ("Cellco") (collectively "Texas Action Defendants"), accusing the defendants of infringing the '231 and '484 patents (Case No. 6:11-cv-0096) ("the *Texas* action"). On May 19, 2011, TracBeam filed an Amended Complaint adding Google, Inc., and Skyhook Wireless, Inc. as defendants. TCS is not a named party to the *Texas* action.

10. The *Texas* action generally alleges that the Texas Action Defendants' products and services for determining the locations of wireless mobile devices infringe the '231 and '484 patents. TCS is the vendor for products and services for determining the locations of wireless mobile devices to MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. (collectively "MetroPCS") and Sprint Nextel Corporation, Sprint Spectrum L.P., Nextel of California, Inc., Nextel Communications of the Mid-Atlantic, Inc., Nextel of New York, Inc., Nextel South Corp., Nextel of Texas, Inc., and Nextel West Corp. (collectively "Sprint").

11. MetroPCS and Sprint have tendered indemnification demands to TCS.

12. Separately, on August 30, 2011, TracBeam sent a letter notifying TCS of its patent portfolio, including the '231 and '484 patents. The notification letter to TCS is attached as Exhibit 3.

13. According to the Amended Complaint in the *Texas* action, TracBeam notified Cellco, Sprint, and AT&T of its patent *applications* over ten years before they matured into issued patents. On information and belief, TracBeam initiated a lawsuit against Cellco, Sprint, and AT&T when they refused to take a license to the patents. TracBeam's pattern of notification and subsequent initiation of a lawsuit is indicative of TracBeam's litigious intentions when a party refuses to take a license to its patent portfolio. TracBeam's past conduct, coupled with its notice to TCS and suit against TCS customers, results in a substantial controversy between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

14. TCS's products and services for determining the locations of wireless mobile devices have not infringed and do not infringe, either directly or indirectly, any valid claim of the '231 or '484 patents, either literally or under the doctrine of equivalents. A substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

15. TCS believes and alleges that one or more of the claims of the '231 and '484 patents are invalid.

## COUNT I

### Declaration of Non-Infringement of U.S. Patent No. 7,764,231

16. TCS repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 1 through 15 as though expressly set forth herein.

17. TracBeam has alleged that at least one customer of TCS infringes the '231 patent in the United States District Court for the Eastern District of Texas with products supplied by TCS.

18. TracBeam has also put TCS on notice of its patent portfolio, including the '231 patent that has been asserted against at least one TCS customer.

19. TCS's products and services for determining the locations of wireless mobile devices have not infringed and do not infringe, directly or indirectly, any valid claim of the '231 patent, either literally or under the doctrine of equivalents.

20. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether TCS infringes, directly or indirectly, any claim of the '231 patent.

21. A judicial declaration is necessary and appropriate so that TCS may ascertain its rights regarding the '231 patent.

## COUNT II

### Declaration of Invalidity of U.S. Patent No. 7,764,231

22. TCS repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 1 through 21 as though expressly set forth herein.

23. The '231 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, sections 101, 102, 103, and/or 112.

24. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the invalidity of the '231 patent.

25. A judicial declaration is necessary and appropriate so that Plaintiff TCS may ascertain its rights regarding the '231 patent.

## COUNT III

### Declaration of Non-Infringement of U.S. Patent No. 7,525,484

26. TCS repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 1 through 25 as though expressly set forth herein.

27. TracBeam has alleged that at least one customer of TCS infringes the '484 patent in the United States District Court for the Eastern District of Texas with products supplied by TCS.

28. TracBeam has also put TCS on notice of its patent portfolio, including the '484 patent that has been asserted against at least one TCS customer.

29. TCS's products and services for determining the locations of wireless mobile devices have not infringed and do not infringe, directly or indirectly, any valid claim of the '484 patent, either literally or under the doctrine of equivalents.

30. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether TCS infringes, directly or indirectly, any claim of the '484 patent.

31. A judicial declaration is necessary and appropriate so that TCS may ascertain its rights regarding the '484 patent.

## COUNT IV

### Declaration of Invalidity of U.S. Patent No. 7,525,484

32. TCS repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 1 through 31 as though expressly set forth herein.

33. The '484 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, sections 101, 102, 103, and/or 112.

34. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the invalidity of the '484 patent.

35. A judicial declaration is necessary and appropriate so that TCS may ascertain its rights regarding the '484 patent.

### REQUEST FOR RELIEF

WHEREFORE, TCS respectfully requests that the Court enter judgment in favor of TCS granting the following relief:

A. A declaration that TCS does not and has not infringed, directly or indirectly, any valid claim of the patents-in-suit;

B. A declaration that the patents-in-suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 101, 102, 103, and/or 112;

C. An injunction against TracBeam and others in active concert or participation with TracBeam from asserting infringement or instituting or continuing any legal action for

infringement of the patents-in-suit against TCS or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

D. An order declaring that this is an exceptional case and awarding TCS its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

E. Such other and further relief as this Court deems to be just or proper.

### JURY DEMAND

TCS demands trial by jury for all claims triable by jury pursuant to Fed. R. Civ. P. 38.

Dated: September 27, 2011          Respectfully submitted,

*s/ Victor M. Morales*
_____
Victor M. Morales, #16974
MCELROY, DEUTSCH, MULVANEY
   & CARPENTER, LLP
5613 DTC Parkway, Suite 1100
P.O. Box 4467
Greenwood Village, CO  80155-4467
Direct: (303) 226-8963
Telephone:    (303) 293-8800
Fax:              (303) 839-0036
E-mail:  vmorales@mdmc-lawco.com

and

/s/ *Edward A. Pennington*
Edward A. Pennington
Stephanie D. Scruggs
Sid V. Pandit
MURPHY & KING
Professional Corporation
1055 Thomas Jefferson Street, Suite 400
Washington, D.C. 20007
Telephone: (202) 403-2100
Facsimile: (202) 429-4380
Email: eap@murphyking.com
   sds@murphyking.com
   svp@murphyking.com


*Attorneys for Plaintiff,*
*TeleCommunication Systems, Inc.*