# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:   11-cv-02519-WYD-MJW

TELECOMMUNICATION SYSTEMS, INC.,
a Maryland company,

       Plaintiff,                       **REQUEST FOR ORAL ARGUMENT**

v.

TRACBEAM, L.L.C.,
a Colorado limited liability company,

       Defendant.

**PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S OPPOSITION
TO DEFENDANT TRACBEAM, L.L.C.'S MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(1)**

I.     INTRODUCTION ............................................................................................................. 1

II.    RELEVANT LEGAL STANDARDS FOR DECLARATORY JUDGMENT
       JURISDICTION ............................................................................................................... 2

III.   ARGUMENT .................................................................................................................... 3

       A.    TCS' Indemnification of MetroPCS in the Texas Litigation Unequivocally
             Confers Declaratory Judgment Jurisdiction............................................................ 3

       B.    TracBeam Misconstrues the Case Law Relevant to Indemnification ..................... 5

       C.    TracBeam's Notice Letter to TCS, Considered With the Totality of the
             Circumstances, Is Sufficient to Confer Declaratory Judgment Jurisdiction ........... 6

IV.    CONCLUSION ............................................................................................................... 10

V.     REQUEST FOR ORAL ARGUMENT .......................................................................... 10

Plaintiff TeleCommunication Systems, Inc. ("TCS"), by and through its undersigned counsel, submits this Memorandum in Opposition to Defendant TracBeam, L.L.C.'s ("TracBeam") Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1).

## I.     INTRODUCTION

TracBeam's Motion to Dismiss ("TracBeam's Motion") is predicated on a selective and strained interpretation of the case law. TracBeam claims that TCS' Complaint should be dismissed because the standard for declaratory judgment is not met for two reasons: (i) TracBeam's lawsuit against multiple TCS customers in the Eastern District of Texas, and TCS' indemnification of one of those customers, does not create a justiciable controversy; and (ii) TracBeam's notice letter to TCS does not create a substantial controversy between the two entities. Neither argument is availing.

As set forth below, TCS' indemnification of a defendant in TracBeam's litigation in the Eastern District of Texas ("the Texas litigation") unequivocally creates "adverse legal interests" between TCS and TracBeam. TCS has indemnified MetroPCS (a TCS customer) in the Texas litigation. Both Supreme Court and Federal Circuit precedent hold that acceptance of a contractual obligation to indemnify a customer is sufficient to confer declaratory judgment jurisdiction.

TracBeam's alternative claim – that there is no actual controversy worthy of declaratory judgment jurisdiction – fares no better. TracBeam argues that no substantial controversy exists because the notification letter to TCS is mere advertising, devoid of an express accusation of infringement or threat of litigation. This argument belies TracBeam's true intentions, and nevertheless, has been expressly rejected by the Federal Circuit.

1

The overarching theme in TracBeam's Motion is that the issues of indemnification and notice should be considered in isolation, as separate and distinct concepts. This approach is contrary to legal precedent, which requires consideration of the totality of the circumstances. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). When considered in the proper manner, TCS' indemnification of MetroPCS (a TCS customer) in the Texas litigation as a result of litigation commenced by TracBeam, coupled with TracBeam's notification to TCS and TracBeam's prior conduct, requires the denial of TracBeam's Motion.

## II.  RELEVANT LEGAL STANDARDS FOR DECLARATORY JUDGMENT JURISDICTION

Declaratory relief is available when the facts as alleged "**under all the circumstances**, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and quotation omitted) (emphasis added). In particular, "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where the party contends that it has the right to engage in the accused activity without a license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

Under "'the now more lenient legal standard' set forth in *MedImmune*, which seemingly 'facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases' . . . a plaintiff need only show, in short, that 'all of the circumstances' establish a 'substantial controversy.'" *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901-902 (Fed. Cir.

2

2008). "[T]here is no bright-line rule for determining whether an action satisfies [this] requirement"; rather, the Court's analysis "must be calibrated to the particular facts of each case." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008) (citing *MedImmune*, 549 U.S. at 127).

Furthermore, "[a]lthough the best evidence of a reasonable apprehension of suit comes in the form of an express threat of litigation, *an express threat is not required.*" *Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002) (emphasis added). In fact, declaratory judgment jurisdiction can exist even where the potential declaratory judgment defendant cannot sue or has not indicated a willingness to sue. *See SanDisk,* 480 F.3d at 1372.

"Prior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy." *Prasco*, 537 F.3d at 1341. Moreover, prior litigation involving a party over the technology covered by the patent at issue is "sufficient to give [the plaintiff] an objective inference of an impending infringement suit." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987). This is so even when the prior suit did not involve the patent in the declaratory judgment action and there had been no threat to enforce that patent by the defendant. *Id*. at 955-956.

**III.   ARGUMENT**

    **A.   TCS' Indemnification of MetroPCS in the Texas Litigation Unequivocally Confers Declaratory Judgment Jurisdiction**

In situations where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the Federal Circuit recently held that the supplier has standing to commence a declaratory judgment action if: (a) the supplier is obligated to indemnify its customers from infringement liability; **or** (b) there is a controversy between the patentee and

the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers. *See Arris Group Inc. v. British Telecommunications PLC,* 639 F.3d 1368, 1374 (Fed. Cir. 2011). In this case, TCS' contractual obligation to indemnify its customer, MetroPCS, confers the standing necessary to commence the present declaratory judgment action.[1] Ex. 3 at ¶5, 7.[2]

The original TracBeam case that gives rise to jurisdiction here, *TracBeam, L.L.C. v. AT&T Inc., et al.,* Case No. 6:11cv00096 (E.D. Tex.) ("the Texas action" referred to above), was filed against MetroPCS on February 25, 2011. *See* Exhibit 1.[3] TracBeam does not dispute TCS' contention that the products/services at issue in the Texas litigation against MetroPCS are supplied by TCS. TracBeam subsequently filed an Amended Complaint on May 19, 2011, in which two additional defendants were added. *See* Exhibit 2. In May 2011, MetroPCS requested indemnification based on a contract between TCS and MetroPCS, and TCS accepted its contractual indemnification obligations shortly thereafter. *See* Ex. 3 at ¶5, 7.

It is clear that an "adverse legal interest" – TCS' freedom to provide MetroPCS with products and/or services free of the threat of infringement claims by TracBeam – exists under these circumstances. *See MedImmune,* 549 U.S. at 126-127. Indeed, the Federal Circuit recently

---

[1] TCS determines indemnification of each of its customers on a case by case basis, depending on the particular patents asserted and systems/products accused by a particular Plaintiff. TCS has determined, under the particular circumstances of the Texas litigation, that it is contractually obligated to indemnify MetroPCS in the action filed by TracBeam, L.L.C in the Eastern District of Texas for the products/services provided by TCS. (Exhibit 3 at ¶7).

[2] In deciding a Rule 12(b)(1) motion, the Court is permitted to consider this evidence. *See, e.g., Robert Warth v. Ira Seldin,* 95 S. Ct. 2197, 2219 (1975) ("the portion of Rule 12(b) concerning conversion to a Rule 56 motion applies only to a motion to dismiss for failure to state a cause of action, and not to a motion to dismiss for other reasons"); *see also David Holt v. The United States of America*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)").

[3] Unless otherwise noted, all cites to exhibits are to the exhibits attached to the Declaration of Sid V. Pandit in Support of Plaintiff's Opposition to TracBeam's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), filed herewith.

held that an actual controversy sufficient for declaratory judgment jurisdiction exists in similar circumstances. *See, e.g., Arris Group* at 1374-1376 (holding that declaratory judgment jurisdiction exists when the plaintiff accused a customer of direct infringement, based on the customer's making, using or selling of the supplier's allegedly infringing product).

### B. TracBeam Misconstrues the Case Law Relevant to Indemnification

The crux of TracBeam's indemnification argument is that TCS' Declaratory Judgment Complaint does not explicitly state that it has accepted the indemnification requests from either AT&T or MetroPCS in the Texas litigation. (ECF No. 6 at Page 13). However, as set forth in the Declaration of Bruce A. White, TCS has indeed accepted the indemnification request of MetroPCS in the Texas litigation (and had done so as of the date of the filing of the Complaint), rendering this argument moot. Ex. 3 at ¶¶7-8. If the Court believes it is necessary for clarification purposes, TCS will amend its Declaratory Judgment Complaint to clarify that it has accepted MetroPCS' indemnification request in the Texas litigation.

In the alternative, TracBeam appears to argue that even if TCS has agreed to indemnify MetroPCS, such an obligation would be economic, as opposed to legal. This argument also fails in light of TCS' acceptance of its contractual obligation to indemnify MetroPCS in the Texas litigation. Ex. 3 at ¶¶7-8. TracBeam attempts to confuse the relevant case law by implying that more than a legal obligation to indemnify is necessary to confer declaratory judgment jurisdiction. (ECF No. 6 at Page 13). This mischaracterization of legal precedent, and the Motion it purports to support, should be rejected by the Court.

For instance, TracBeam refers to three cases cited by *Arris Group* in which the indemnification language was narrowly tailored to a specific patent holder. (*Id.*). Based on the

5

particular circumstances of each of those cases, TracBeam proffers the misleading conclusion that "[t]hese cases indicate that the legal obligation required to confer standing upon an indemnifier requires more than the existence of a broadly worded indemnification agreement that may not be applicable to the litigation at issue." (*Id.*). This statement is wholly incorrect, is not supported by any of the cases cited, and contradicts the broad circumstances under which jurisdiction maybe conferred. *See Arris Group,* 639 F.3d 1368, 1373-1374 ("the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests'") (quoting *MedImmune*, 549 U.S. at 127).

TracBeam also argues that prior litigation between TCS and MetroPCS proves that "barebone allegations regarding indemnification demands are too speculative to confer standing." (ECF No. 6 at Page 13). Notwithstanding the fact that TracBeam provides no legal support for this conclusion, TCS has clarified that it has accepted its contractual indemnification obligation to MetroPCS, rendering the entirety of TracBeam's argument moot. Ex. 3 at ¶¶7-8.

### C. TracBeam's Notice Letter to TCS, Considered With the Totality of the Circumstances, Is Sufficient to Confer Declaratory Judgment Jurisdiction

The Supreme Court has unequivocally stated that the totality of the circumstances should be considered when determining whether declaratory judgment jurisdiction applies. *MedImmune,* 549 U.S. at 127 (*citing Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In addition to the timeline provided above with respect to MetroPCS' indemnification, on August 30, 2011, only three (3) months *after* filing its Amended Complaint in the Texas litigation, TracBeam sent a letter directly to TCS notifying it of TracBeam's patent portfolio. *See* Exhibit 4. While TCS' acceptance of its indemnification obligation to MetroPCS

6

is itself enough to confer declaratory judgment jurisdiction, TracBeam's subsequent notification letter to TCS removes any doubt. *MedImmune,* 549 U.S. at 127.

Additional public information available to TCS confirmed the immediacy of the controversy. In particular, TCS was aware that the two patents-in-suit, U.S. Patent No. 7,764,231 ("the '231 patent") and U.S. Patent No. 7,525,484 ("the '484 patent") were filed on September 8, 1997 and January 26, 2001, respectively, and issued on July 27, 2010 and April 28, 2009, respectively. Both the '231 and '484 patents purport to claim priority to provisional Patent Application No. 60/025,855 ("the Provisional application"), filed on September 9, 1996.

Considering all of these facts, TCS was also aware that TracBeam contacted AT&T, Sprint Nextel, and Verizon as early as 1996 to inform them of their wireless location technology and **the Provisional application**. Ex. 2 at ¶25, 32, and 36. In fact, TracBeam "provided detailed information both orally and in writing" to Sprint Nextel and other defendants. *Id.* at ¶32. Thus, to the best of TCS' knowledge, TracBeam attempted to license its supposed technological innovations well before it secured issued patents (and even prior to the filing of its Utility Patent Applications), and at least thirteen (13) years prior to the issuance of the patents. *Id.* at ¶25, 32, and 36. With the patents now recently issued, TracBeam asks the Court to ignore common sense, TracBeam's actions with respect to other defendants (and potential defendants) prior to the issuance of the patents, and its notice letter to TCS, and find that a substantial controversy does not exist.[4]

---

[4] TracBeam insinuates that it is somehow in the advertising business, stating that its notice "letter simply advertises TracBeam's international patent portfolio." (ECF No. 6 at Page 1). In light of TracBeam's existing litigation, this assertion strains credulity to the breaking point.

TracBeam also contends that "[t]he letter did not claim that TCS infringed any of TracBeam's patents, did not focus on the patents at issue in the Texas Action, made no demands of TCS, did not identify any products or customers of TCS, and did not mention any litigation." (ECF No. 6 at Page 2). Of course, this very line of reasoning was recently rejected by the Federal Circuit. *Arris Group*, 639 F.3d at 1379 ("a specific threat of infringement litigation by the patentee is not required to establish jurisdiction, and a 'declaratory judgment action cannot be defeated simply by the stratagem of a correspondence that avoids magic words such as "litigation" or "infringement"'") (*quoting ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345 (Fed. Cir. 2011)).

Continuing to flout established precedent, TracBeam then provides the following eight reasons to argue that there is no case or controversy, all of which are either refuted by existing precedent, logic, or their own glaring lack of legal support:

1. There is no suggestion that TCS infringes any of TracBeam's patents.
2. TracBeam makes no requests or demands of TCS.
3. TracBeam does not identify any specific products or services of TCS.
4. TracBeam does not suggest that TCS needs to license the patents.
5. There is no mention of a lawsuit against TCS or anyone else.
6. TracBeam does not mention any of the defendants in the Texas Action or any customers or TCS.
7. TracBeam does not single out the patents asserted in the Texas Action.
8. The letter was not sent by an attorney.

As mentioned above, arguments [1] to [5] are refuted by the holding in *Arris Group. See Arris*, 639 F.3d at 1379; *see also Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002) ("[a]lthough the best evidence of a reasonable apprehension of suit comes in the form of an express threat of litigation, an express threat is not required.").

With respect to arguments [6] and [7], there is no legal basis for TracBeam's contention that mentioning defendants or patents in the Texas Action, or customers of TCS, is required for declaratory judgment jurisdiction. TCS is unaware of any precedent that requires a notified entity to ignore logic, common sense, or information obtained through publicly available sources. Quite to the contrary, "a plaintiff need only show, in short, that 'all of the circumstances' establish a 'substantial controversy.'" *Micron Tech.,* 518 F.3d 897, 901-902 (Fed. Cir. 2008).

Without citing any legal authority for its proposition, TracBeam also asserts that its notice letter was not sent by an attorney, and thus no adverse legal interest sufficient to confer standing exists. (ECF No. 6 at Page 5). As an initial matter, TracBeam's letter was sent by the owner and registered agent of TracBeam, Mr. Dennis Dupray. *See* Exhibits 5 and 6.[5] Coincidentally, Mr. Dupray is listed as an inventor on the face of the patents-in-suit, which are the same patents being asserted in the Texas litigation. *See* Exhibits 8 and 9. Finally, Mr. Dupray is a registered Patent Agent, and prosecuted the patents-in-suit. *See* Exhibit 10. Mr. Dupray's connections to TracBeam and the patents-in-suit could not be more deeply rooted, and his admission to practice law bears no relevance to whether or not an adverse legal interest exists.

Finally, TracBeam argues that there is no "immediacy" to TCS' dispute. As support, TracBeam argues that it notified some of the defendants in the Texas litigation over ten years before it filed its lawsuit. (ECF No. 6 at Page 7). This timeline conveniently ignores the fact that the patents did not issue until 2009 (the '484 patent) and 2010 (the '231 patent), and that the

---

[5] Exhibit 5 reflects that Mr. Dupray is the owner of Intellabs, LLC. On October 9, 1999, Intellabs, LLC changed its name to TracBeam, L.L.C., as shown in Exhibit 7.

Texas litigation was filed only seven (7) months after the issuance of the '231 patent. *Prasco*, 537 F.3d at 1341 ("Prior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy."). Moreover, TracBeam's apparent attempt to secure licenses from various entities as early as the filing of its provisional application, before it had secured any legal patent rights, highlights its determination to extract payments for its purported innovations despite the absence of any legal right to do so.

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiff TeleCommunication Systems, Inc. respectfully requests that Defendant TracBeam, L.L.C.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) be denied. Alternatively, if required by the Court, TCS will seek leave of court to amend the Complaint to add an allegation reflecting TCS' obligation to indemnify MetroPCS that is consistent with the attached affidavit of TCS' Bruce A. White.

## V.  REQUEST FOR ORAL ARGUMENT

TCS respectfully requests oral argument on TracBeam's Motion.

Dated: November 15, 2011            Respectfully submitted,

/s/ *Victor M. Morales*_____
Victor M. Morales, #16974
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
5613 DTC Parkway, Suite 1100
P.O. Box 4467
Greenwood Village, CO  80155-4467
Direct: (303) 226-8963
Telephone:   (303) 293-8800
Fax:              (303) 839-0036
E-mail:  vmorales@mdmc-lawco.com

and

/s/ *Sid V. Pandit*  
Edward A. Pennington  
Stephanie D. Scruggs  
Sid V. Pandit  
MURPHY & KING  
Professional Corporation  
1055 Thomas Jefferson Street, N.W., Suite 400  
Washington, D.C. 20007  
Telephone: (202) 403-2100  
Facsimile: (202) 429-4380  
Email: eap@murphyking.com  
      sds@murphyking.com  
      svp@murphyking.com  

*Attorneys for Plaintiff,*  
*TeleCommunication Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2011, I electronically filed PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S OPPOSITION TO DEFENDANT TRACBEAM, L.L.C.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) with the Clerk of the Court through the CM/ECF system, which will send electronic notice of the filing to the registered participants as identified on the Notice of Electronic Filing:

Gregory S. Dovel
Jonathan Gottfried
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

            *s/ Victor M. Morales*
            _____
            Victor M. Morales, #16974
            McELROY, DEUTSCH, MULVANEY
             & CARPENTER, LLP
            5613 DTC Parkway, Suite 1100
            P.O. Box 4467
            Greenwood Village, CO  80155-4467
            Direct: (303) 226-8963
            Telephone: (303) 293-8800
            Fax: (303) 839-0036
            E-mail: vmorales@mdmc-lawco.com
            *Attorneys for Plaintiff*