## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:   11-cv-02519-WYD-MJW


TELECOMMUNICATION SYSTEMS, INC.,
a Maryland company,

              Plaintiff,

v.

TRACBEAM, L.L.C.,
a Colorado limited liability company,

              Defendant.

---

## DECLARATION OF SID V. PANDIT IN SUPPORT OF PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S OPPOSITION TO DEFENDANT TRACBEAM, L.L.C.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

---

Case 1:11-cv-02519-WYD-MJW   Document 9-1   Filed 11/15/11   USDC Colorado   Page 2 of 60

I, Sid V. Pandit, declare as follows:

1.      I am an attorney-at-law and an associate in the law firm of Murphy & King, P.C., 1055 Thomas Jefferson Street, N.W., Suite 400, Washington, D.C. 20007.

2.      I am a member in good standing in the Bar of the Commonwealth of Virginia and am admitted *pro hac vice* to practice before the Court in the present action.

3.      I submit this Declaration in support of TeleCommunication Systems, Inc.'s ("TCS") Opposition to TracBeam's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1).

4.      I submit this Declaration to authenticate and provide to the Court certain documents cited to and referenced in the accompanying Opposition to TracBeam's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1).

5.      Attached hereto as Exhibit 1 is a true and correct copy of an original Complaint filed by TracBeam, L.L.C. against multiple defendants, including MetroPCS, in the Eastern District of Texas, on February 25, 2011 (Civil Action No. 6:11cv0096).

6.      Attached hereto as Exhibit 2 is a true and correct copy of an Amended Complaint filed by TracBeam, L.L.C. against multiple defendants, including MetroPCS, in the Eastern District of Texas, on May 19, 2011 (Civil Action No. 6:11cv0096).

7.      Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of Bruce A. White, Senior Vice President & General Counsel of TeleCommunication Systems, Inc.

8.      Attached hereto as Exhibit 4 is a true and correct copy of a letter sent from TracBeam to TCS on August 30, 2011.

2

9.      Attached hereto as Exhibit 5 is a true and correct copy of the Articles of Incorporation of Intellabs, LLC, now known as TracBeam, L.L.C., obtained from the Colorado Secretary of State's webpage.

10.     Attached hereto as Exhibit 6 is a true and correct copy of a Periodic Report obtained from the Colorado Secretary of State's webpage, showing Dennis Dupray as the Registered Agent of TracBeam, L.L.C.

11.     Attached hereto as Exhibit 7 is a true and correct copy of a form obtained from the Colorado Secretary of State's webpage reflecting the Intellabs, LLC's name change to TracBeam, L.L.C.

12.     Attached hereto as Exhibit 8 is a true and correct copy of the first page of U.S. Patent No. 7,764,231 listing Dennis Dupray as an inventor.

13.     Attached hereto as Exhibit 9 is a true and correct copy of the first page of U.S. Patent No. 7,525,484 listing Dennis Dupray as an inventor.

14.     Attached hereto as Exhibit 10 is a true and correct copy of a document obtained from the U.S. Patent and Trademark Office webpage that reflects Dennis Dupray's status as a Registered Patent Agent.

I declare under penalty of perjury that the foregoing is true and correct and based upon my personal knowledge.

EXECUTED this 15th day of November, 2011, at Washington, D.C.

_Sid V. Pandit_
Sid V. Pandit

# Exhibit 1

[this page intentionally blank]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TRACBEAM, L.L.C., a Colorado limited liability company, | |
| Plaintiff, | CASE NO. 6:11-cv-96 |
| vs. | **Jury Trial Demanded** |
| AT&T INC., a Delaware corporation; AT&T MOBILITY L.L.C., a Delaware limited liability company; METROPCS COMMUNICATIONS, INC., a Delaware corporation; METROPCS WIRELESS, INC., a Delaware corporation; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES, a Texas corporation; SPRINT NEXTEL CORPORATION, a Kansas corporation; SPRINT SPECTRUM L.P., a Delaware limited partnership; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., a Delaware corporation; NEXTEL OF NEW YORK, INC., a Delaware corporation; NEXTEL SOUTH CORP., a Georgia corporation; NEXTEL OF TEXAS, INC., a Texas corporation; NEXTEL WEST CORP., a Delaware corporation; and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware partnership. | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1

Plaintiff TracBeam, L.L.C., ("TracBeam"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), on information and belief, alleges the following in support of its Complaint for patent infringement against Defendants AT&T, Inc.; AT&T Mobility, L.L.C.; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services; Sprint Nextel Corporation; Sprint Spectrum, L.P.; Nextel of California, Inc.; Nextel Communications of the Mid-Atlantic, Inc.; Nextel of New York, Inc.; Nextel South Corp.; Nextel of Texas, Inc.; Nextel West Corp., and Cellco Partnership d/b/a Verizon Wireless (collectively "Defendants"):

## Introduction

1.      Plaintiff TracBeam owns the inventions described and claimed in United States Patent Nos. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station Location Techniques" (the "'231 patent") and 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location" (the "'484 patent") (collectively "the Patents"). Defendants have used and continue to use Plaintiff's patented technology in products and/or services that they make, use, import, sell, and/or offer to sell. TracBeam seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiff's permission.

## Plaintiff TracBeam

2.      Plaintiff TracBeam is a limited liability company existing under and by virtue of the laws of the State of Colorado.

**Defendants**

AT&T Defendants

3.      AT&T, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.

4.      AT&T Mobility, L.L.C. is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  (AT&T, Inc. and AT&T Mobility, L.L.C. are collectively referred to as "AT&T" or the "AT&T Defendants.")

MetroPCS Defendants

5.      MetroPCS Communications, Inc. is a Delaware corporation with its principal place of business in Richardson, Texas.

6.      MetroPCS Wireless, Inc. is a Delaware corporation with its principal place of business in Richardson, Texas.  (MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. are collectively referred to as "MetroPCS" or the "MetroPCS Defendants.")

Peoples Defendant

7.      Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services ("Peoples") is a Texas corporation with its principal place of business in Quitman, Texas.

Sprint Nextel Defendants

8.      Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas.

9.      Sprint Spectrum, L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.

10.      Nextel of California, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

11.     Nextel Communications of the Mid-Atlantic, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

12.     Nextel of New York, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

13.     Nextel South Corp. is a Georgia corporation with its principal place of business in Overland Park, Kansas.

14.     Nextel of Texas, Inc. is a Texas corporation with its principal place of business in Overland Park, Kansas.

15.     Nextel West Corp. is a Delaware corporation with its principal place of business in Overland Park, Kansas.  (Sprint Nextel Corporation; Sprint Spectrum, L.P.; Nextel of California, Inc.; Nextel Communications of the Mid-Atlantic, Inc.; Nextel of New York, Inc.; Nextel South Corp.; Nextel of Texas, Inc.; and Nextel West Corp are collectively reffered to as "Sprint Nextel" or the "Sprint Nextel Defendants.")

Verizon Defendant

16.     Cellco Partership d/b/a Verizon Wireless ("Verizon") is a Delaware partnership with its principal place of business in Basking Ridge, New Jersey.

**The Patents**

17.     The United States Patent and Trademark Office issued the '231 patent (attached as exhibit A) on July 27, 2010; and the '484 patent (attached as exhibit B) on April 28, 2009.  Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for infringement of the Patents.

4

## Jurisdiction and Venue

18.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

19.     Each of the Defendants has committed acts and continues to commit acts within this judicial district giving rise to this action.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

### First Claim for Patent Infringement
### (Infringement of the '231 patent)

20.     Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 19 above and further alleges as follows:

21.     The United States Patent and Trademark Office issued the '231 patent on July 27, 2010.  Plaintiff is the owner of the '231 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

22.     Without a license or permission from Plaintiff, AT&T has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  AT&T's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of AT&T subscribers' cellular phones).  AT&T, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of AT&T's products and services.

23.     AT&T's infringement of the '231 patent has been and continues to be willful.  AT&T knew of a provisional patent application that led to the '231 patent as early as 1996, and AT&T knew or should have known of the '231 patent upon its issuance.  AT&T has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent.  This objectively-defined risk has been known or so obvious that it should have been known to AT&T.

24.     As a result of AT&T's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless AT&T is enjoined from continuing to infringe the '231 patent.

25.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from AT&T to compensate it for AT&T's infringement of the '231 patent.

26.     Without a license or permission from Plaintiff, MetroPCS has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  MetroPCS's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of MetroPCS subscribers' cellular phones).  MetroPCS, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of MetroPCS's products and services.

27.     As a result of MetroPCS's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet

determined, and will suffer an impairment of the value of its patent rights unless MetroPCS is enjoined from continuing to infringe the '231 patent.

28.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from MetroPCS to compensate it for MetroPCS's infringement of the '231 patent.

29.     Without a license or permission from Plaintiff, Sprint Nextel has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Sprint Nextel's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Sprint Nextel subscribers' cellular phones).  Sprint Nextel, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Sprint Nextel's products and services.

30.     Sprint Nextel's infringement of the '231 patent has been and continues to be willful.  Sprint Nextel knew of a provisional patent application that led to the '231 patent as early as 1996, and Sprint Nextel knew or should have known of the '231 patent upon its issuance. Sprint Nextel has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent.  This objectively-defined risk has been known or so obvious that it should have been known to Sprint Nextel.

31.     As a result of Sprint Nextel's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Sprint Nextel is enjoined from continuing to infringe the '231 patent.

32.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Sprint Nextel to compensate it for Sprint Nextel's infringement of the '231 patent.

33.     Without a license or permission from Plaintiff, Verizon has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Verizon's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Verizon subscribers' cellular phones).  Verizon, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Verizon's products and services.

34.     Verizon's infringement of the '231 patent has been and continues to be willful.  Verizon (or one of its predecessor corporations) knew of a provisional patent application that led to the '231 patent as early as 1996, and Verizon knew or should have known of the '231 patent upon its issuance.  Verizon has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent.  This objectively-defined risk has been known or so obvious that it should have been known to Verizon.

35.     As a result of Verizon's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Verizon is enjoined from continuing to infringe the '231 patent.

36.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Verizon to compensate it for Verizon's infringement of the '231 patent.

8

**Second Claim for Patent Infringement**
**(Infringement of the '484 patent)**

37.     Plaintiff incorporates by reference each of the allegations in paragraphs 1 – 19 above and further alleges as follows:

38.     The United States Patent and Trademark Office issued the '484 patent on April 28, 2009. Plaintiff is the owner of the '484 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

39.     Without a license or permission from Plaintiff, AT&T has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. AT&T's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (e.g., the locations of AT&T subscribers' cellular phones). AT&T, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of AT&T's products and services.

40.     AT&T's infringement of the '484 patent has been and continues to be willful. AT&T knew of a provisional patent application that led to the '484 patent as early as 1996, and AT&T knew or should have known of the '484 patent upon its issuance. AT&T has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '484 patent. This objectively-defined risk has been known or so obvious that it should have been known to AT&T.

41.     As a result of AT&T's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet

determined, and will suffer an impairment of the value of its patent rights unless AT&T is enjoined from continuing to infringe the '484 patent.

42.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from AT&T to compensate it for AT&T's infringement of the '484 patent.

43.     Without a license or permission from Plaintiff, MetroPCS has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. MetroPCS's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of MetroPCS subscribers' cellular phones). MetroPCS, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of MetroPCS's products and services.

44.     As a result of MetroPCS's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless MetroPCS is enjoined from continuing to infringe the '484 patent.

45.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from MetroPCS to compensate it for MetroPCS's infringement of the '484 patent.

46.     Without a license or permission from Plaintiff, Peoples has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Peoples' infringing products and services include, without limitation, its

products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Peoples subscribers' cellular phones). Peoples, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Peoples' products and services.

47.   As a result of Peoples' infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Peoples is enjoined from continuing to infringe the '484 patent.

48.   Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Peoples to compensate it for Peoples' infringement of the '484 patent.

49.   Without a license or permission from Plaintiff, Sprint Nextel has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Sprint Nextel's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Sprint Nextel subscribers' cellular phones). Sprint Nextel, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Sprint Nextel's products and services.

50.   Sprint Nextel's infringement of the '484 patent has been and continues to be willful. Sprint Nextel knew of a provisional patent application that led to the '484 patent as early as 1996, and Sprint Nextel knew or should have known of the '484 patent upon its issuance. Sprint Nextel has disregarded and continues to disregard an objectively high likelihood

11

that its actions constitute infringement of the '484 patent.  This objectively-defined risk has been known or so obvious that it should have been known to Sprint Nextel.

51.     As a result of Sprint Nextel's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Sprint Nextel is enjoined from continuing to infringe the '484 patent.

52.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Sprint Nextel to compensate it for Sprint Nextel's infringement of the '484 patent.

53.     Without a license or permission from Plaintiff, Verizon has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Verizon's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Verizon subscribers' cellular phones).  Verizon, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Verizon's products and services.

54.     Verizon's infringement of the '484 patent has been and continues to be willful.  Verizon (or one of its predecessor corporations) knew of a provisional patent application that led to the '484 patent as early as 1996, and Verizon knew or should have known of the '484 patent upon its issuance.  Verizon has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '484 patent.  This objectively-defined risk has been known or so obvious that it should have been known to Verizon.

12

55.    As a result of Verizon's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Verizon is enjoined from continuing to infringe the '484 patent.

56.    Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Verizon to compensate it for Verizon's infringement of the '484 patent.

### Jury Demand

57.    Plaintiff demands trial by jury of all issues relating to its claims regarding the '231 and '484 patents.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment as follows:

A.    A judgment in favor of Plaintiff that (a) AT&T, MetroPCS, Sprint, and Verizon have infringed the '231 patent, and (b) AT&T, MetroPCS, Peoples, Sprint, and Verizon have infringed the '484 patent;

B.    A judgment and order finding that AT&T, Sprint, and Verizon have willfully infringed the '231 and '484 patents;

C.    A decree preliminarily and permanently enjoining (a) AT&T, MetroPCS, Sprint, and Verizon, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '231 patent; and (b) AT&T, MetroPCS, Peoples, Sprint, and Verizon, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '484 patent;

13

D.    A judgment and order requiring (a) AT&T, MetroPCS, Sprint, and Verizon to pay

Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment

interest for Defendants' infringement of the '231 patent, as provided under 35

U.S.C. § 284; and (b) AT&T, MetroPCS, Peoples, Sprint, and Verizon to pay

Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment

interest for Defendants' infringement of the '484 patent, as provided under 35

U.S.C. § 284;

E.    A judgment and order finding that this patent infringement case is exceptional

within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable

attorneys' fees; and

F.    Any and all other relief to which Plaintiff may be entitled.

Dated: February 25, 2011                    Respectfully submitted,


                                            By:  /s/ S. Calvin Capshaw

                                                 S. Calvin Capshaw
                                                 State Bar No. 03783900
                                                 Elizabeth L. DeRieux
                                                 State Bar No. 05770585
                                                 CAPSHAW DERIEUX, L.L.P.
                                                 114 E. Commerce Ave.
                                                 Gladewater, Texas 75647
                                                 Telephone: (903) 236-9800
                                                 Facsimile: (903) 236-8787
                                                 Email:  capshaw@capshawlaw.com
                                                 Email:  ederieux@capshawlaw.com

                                                 Gregory S. Dovel
                                                 CA State Bar No. 135387
                                                 Email: greg@dovellaw.com
                                                 Richard E. Lyon
                                                 CA State Bar No. 229288

Email: rick@dovellaw.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069

Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
PARKER & BUNT, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone:  903/531-3535
Facsimile: 903/533-9687

ATTORNEYS FOR PLAINTIFF
TRACBEAM, L.L.C.

# Exhibit 2

[this page intentionally blank]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TRACBEAM, L.L.C., a Colorado limited liability company, | |
| Plaintiff, | CASE NO. 6:11-cv-96 |
| vs. | **Jury Trial Demanded** |
| AT&T INC., a Delaware corporation; AT&T MOBILITY L.L.C., a Delaware limited liability company; METROPCS COMMUNICATIONS, INC., a Delaware corporation; METROPCS WIRELESS, INC., a Delaware corporation; TEXAS RSA 7B3, L.P. D/B/A PEOPLES WIRELESS SERVICES, a Texas corporation; SPRINT NEXTEL CORPORATION, a Kansas corporation; SPRINT SPECTRUM L.P., a Delaware limited partnership; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., a Delaware corporation; NEXTEL OF NEW YORK, INC., a Delaware corporation; NEXTEL SOUTH CORP., a Georgia corporation; NEXTEL OF TEXAS, INC., a Texas corporation; NEXTEL WEST CORP., a Delaware corporation; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware partnership; GOOGLE, INC., a Delaware corporation; and SKYHOOK WIRELESS, INC., a Delaware corporation. | |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TracBeam, L.L.C., ("TracBeam"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), on information and belief, alleges the following in support of its Complaint for patent infringement against Defendants AT&T, Inc.; AT&T Mobility, L.L.C.; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services; Sprint Nextel Corporation; Sprint Spectrum, L.P.; Nextel of California, Inc.; Nextel Communications of the Mid-Atlantic, Inc.; Nextel of New York, Inc.; Nextel South Corp.; Nextel of Texas, Inc.; Nextel West Corp.; Cellco Partnership d/b/a Verizon Wireless; Google, Inc.; and Skyhook Wireless, Inc. (collectively "Defendants"):

### Introduction

1.       Plaintiff TracBeam owns the inventions described and claimed in United States Patent Nos. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station Location Techniques" (the "'231 patent") and 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location" (the "'484 patent") (collectively "the Patents"). Defendants have used and continue to use Plaintiff's patented technology in products and/or services that they make, use, import, sell, and/or offer to sell. TracBeam seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiff's permission.

### Plaintiff TracBeam

2.       Plaintiff TracBeam is a limited liability company existing under and by virtue of the laws of the State of Colorado.

1

**<u>Defendants</u>**

<u>AT&T Defendants</u>

3.      AT&T, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.

4.      AT&T Mobility, L.L.C. is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  (AT&T, Inc. and AT&T Mobility, L.L.C. are collectively referred to as "AT&T.")

<u>MetroPCS Defendants</u>

5.      MetroPCS Communications, Inc. is a Delaware corporation with its principal place of business in Richardson, Texas.

6.      MetroPCS Wireless, Inc. is a Delaware corporation with its principal place of business in Richardson, Texas.  (MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. are collectively referred to as "MetroPCS.")

<u>Peoples Defendant</u>

7.      Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services ("Peoples") is a Texas corporation with its principal place of business in Quitman, Texas.

<u>Sprint Nextel Defendants</u>

8.      Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas.

9.      Sprint Spectrum, L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.

10.     Nextel of California, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

2

11.     Nextel Communications of the Mid-Atlantic, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

12.     Nextel of New York, Inc. is a Delaware corporation with its principal place of business in Overland Park, Kansas.

13.     Nextel South Corp. is a Georgia corporation with its principal place of business in Overland Park, Kansas.

14.     Nextel of Texas, Inc. is a Texas corporation with its principal place of business in Overland Park, Kansas.

15.     Nextel West Corp. is a Delaware corporation with its principal place of business in Overland Park, Kansas.  (Sprint Nextel Corporation; Sprint Spectrum, L.P.; Nextel of California, Inc.; Nextel Communications of the Mid-Atlantic, Inc.; Nextel of New York, Inc.; Nextel South Corp.; Nextel of Texas, Inc.; and Nextel West Corp are collectively referred to as "Sprint Nextel.")

Verizon Defendant

16.     Cellco Partership d/b/a Verizon Wireless ("Verizon") is a Delaware partnership with its principal place of business in Basking Ridge, New Jersey.

Google Defendant

17.     Google, Inc. ("Google") is a Delaware corporation with its principal place of business in Mountain View, California.

Skyhook Defendant

18.     Skyhook Wireless, Inc. ("Skyhook") is a Delaware corporation with its principal place of business in Boston, Massachusetts.

3

**The Patents**

19.     The United States Patent and Trademark Office issued the '231 patent (attached as exhibit A) on July 27, 2010; and the '484 patent (attached as exhibit B) on April 28, 2009.  Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for infringement of the Patents.

**Jurisdiction and Venue**

20.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

21.     Each of the Defendants has committed acts and continues to commit acts within this judicial district giving rise to this action.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

**First Claim for Patent Infringement**
**(Infringement of the '231 patent)**

22.     Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 21 above and further alleges as follows:

23.     The United States Patent and Trademark Office issued the '231 patent on July 27, 2010.  Plaintiff is the owner of the '231 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

24.     Without a license or permission from Plaintiff, AT&T has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  AT&T's infringing products and services include, without limitation, its products

4

and services for determining the locations of wireless mobile devices (*e.g.*, the locations of AT&T subscribers' cellular phones). AT&T, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of AT&T's products and services.

25.    AT&T's infringement of the '231 patent has been and continues to be willful. AT&T knew or should have known of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted AT&T in written correspondence regarding Plaintiff's wireless location technology and patent applications; AT&T was then directly informed by Plaintiff in 1998 of the international application that later issued as the '231 patent; and AT&T knew or should have known of the '231 patent upon its issuance. AT&T has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent. This objectively-defined risk has been known or so obvious that it should have been known to AT&T.

26.    As a result of AT&T's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless AT&T is enjoined from continuing to infringe the '231 patent.

27.    Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from AT&T to compensate it for AT&T's infringement of the '231 patent.

28.    Without a license or permission from Plaintiff, MetroPCS has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. MetroPCS's infringing products and services include, without limitation,

its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of MetroPCS subscribers' cellular phones). MetroPCS, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of MetroPCS's products and services.

29.     As a result of MetroPCS's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless MetroPCS is enjoined from continuing to infringe the '231 patent.

30.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from MetroPCS to compensate it for MetroPCS's infringement of the '231 patent.

31.     Without a license or permission from Plaintiff, Sprint Nextel has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Sprint Nextel's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Sprint Nextel subscribers' cellular phones). Sprint Nextel, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Sprint Nextel's products and services.

32.     Sprint Nextel's infringement of the '231 patent has been and continues to be willful. Sprint Nextel knew or should have known of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted Sprint Nextel (or one of its

6

predecessor corporations) regarding its wireless location technology and patent applications; Plaintiff then provided detailed information both orally and in writing regarding its wireless location technology to Sprint Nextel (or one of its predecessor corporations) in 1997 pursuant to a non-disclosure agreement that was executed after Plaintiff had filed the international application that later issued as the '231 patent; and Sprint Nextel (or one of its predecessor corporations) knew or should have known of the '231 patent upon its issuance.  Sprint Nextel has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent.  This objectively-defined risk has been known or so obvious that it should have been known to Sprint Nextel.

33.    As a result of Sprint Nextel's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Sprint Nextel is enjoined from continuing to infringe the '231 patent.

34.    Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Sprint Nextel to compensate it for Sprint Nextel's infringement of the '231 patent.

35.    Without a license or permission from Plaintiff, Verizon has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Verizon's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Verizon subscribers' cellular phones).  Verizon, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Verizon's products and services.

7

36.    Verizon's infringement of the '231 patent has been and continues to be willful.  Verizon (or one of its predecessor corporations) knew of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted Verizon (or one of its predecessor corporations) regarding Plaintiff's wireless location technology and patent applications; Plaintiff provided additional information regarding its technology to Verizon (or one of its predecessor corporations) in 1997 after Plaintiff had filed the international application that later issued as the '231 patent; and Verizon knew or should have known of the '231 patent upon its issuance.  Verizon has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '231 patent.  This objectively-defined risk has been known or so obvious that it should have been known to Verizon.

37.    As a result of Verizon's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Verizon is enjoined from continuing to infringe the '231 patent.

38.    Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Verizon to compensate it for Verizon's infringement of the '231 patent.

39.    Without a license or permission from Plaintiff, Google has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Google's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices, including its My Location product.  Google, which has knowledge of the '231 patent, has also actively and knowingly

8

contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Google's products and services.

40.     As a result of Google's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Google is enjoined from continuing to infringe the '231 patent.

41.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Google to compensate it for Google's infringement of the '231 patent.

42.     Without a license or permission from Plaintiff, Skyhook has infringed and is continuing to infringe one or more claims of the '231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Skyhook's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices.  Skyhook, which has knowledge of the '231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Skyhook's products and services.

43.     As a result of Skyhook's infringement of the '231 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Skyhook is enjoined from continuing to infringe the '231 patent.

44.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Skyhook to compensate it for Skyhook's infringement of the '231 patent.

9

## Second Claim for Patent Infringement
## (Infringement of the '484 patent)

45.    Plaintiff incorporates by reference each of the allegations in paragraphs 1
– 21 above and further alleges as follows:

46.    The United States Patent and Trademark Office issued the '484 patent on
April 28, 2009.  Plaintiff is the owner of the '484 patent with full rights to pursue recovery of
royalties or damages for infringement of said patent, including full rights to recover past and
future damages.

47.    Without a license or permission from Plaintiff, AT&T has infringed and is
continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue
to do so, by making, using, providing, selling, offering for sale, or importing infringing products
and services.  AT&T's infringing products and services include, without limitation, its products
and services for determining the locations of wireless mobile devices (*e.g.*, the locations of
AT&T subscribers' cellular phones).  AT&T, which has knowledge of the '484 patent, has also
actively and knowingly contributed to and induced, and continues to actively and knowingly
contribute to and induce, infringement by users of AT&T's products and services.

48.    AT&T's infringement of the '484 patent has been and continues to be
willful.  As described above, AT&T knew or should have known of the '231 patent, of which the
'484 patent is a continuation; and AT&T knew or should have known of the '484 patent upon its
issuance.  AT&T has disregarded and continues to disregard an objectively high likelihood that
its actions constitute infringement of the '484 patent.  This objectively-defined risk has been
known or so obvious that it should have been known to AT&T.

49.    As a result of AT&T's infringement of the '484 patent, Plaintiff has been
damaged by and will continue to suffer additional, irreparable damage, in an amount not yet

determined, and will suffer an impairment of the value of its patent rights unless AT&T is enjoined from continuing to infringe the '484 patent.

     50.    Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from AT&T to compensate it for AT&T's infringement of the '484 patent.

     51.    Without a license or permission from Plaintiff, MetroPCS has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. MetroPCS's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of MetroPCS subscribers' cellular phones). MetroPCS, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of MetroPCS's products and services.

     52.    As a result of MetroPCS's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless MetroPCS is enjoined from continuing to infringe the '484 patent.

     53.    Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from MetroPCS to compensate it for MetroPCS's infringement of the '484 patent.

     54.    Without a license or permission from Plaintiff, Peoples has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Peoples' infringing products and services include, without limitation, its

11

products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Peoples subscribers' cellular phones). Peoples, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Peoples' products and services.

55.     As a result of Peoples' infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Peoples is enjoined from continuing to infringe the '484 patent.

56.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Peoples to compensate it for Peoples' infringement of the '484 patent.

57.     Without a license or permission from Plaintiff, Sprint Nextel has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Sprint Nextel's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Sprint Nextel subscribers' cellular phones). Sprint Nextel, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Sprint Nextel's products and services.

58.     Sprint Nextel's infringement of the '484 patent has been and continues to be willful. As described above, Sprint Nextel knew or should have known of the '231 patent, of which the '484 patent is a continuation; and Sprint Nextel knew or should have known of the '484 patent upon its issuance. Sprint Nextel has disregarded and continues to disregard an

12

objectively high likelihood that its actions constitute infringement of the '484 patent. This objectively-defined risk has been known or so obvious that it should have been known to Sprint Nextel.

59.     As a result of Sprint Nextel's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Sprint Nextel is enjoined from continuing to infringe the '484 patent.

60.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Sprint Nextel to compensate it for Sprint Nextel's infringement of the '484 patent.

61.     Without a license or permission from Plaintiff, Verizon has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Verizon's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices (*e.g.*, the locations of Verizon subscribers' cellular phones).  Verizon, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Verizon's products and services.

62.     Verizon's infringement of the '484 patent has been and continues to be willful.  Verizon (or one of its predecessor corporations) knew or should have known of the '231 patent, of which the '484 patent is a continuation; and Verizon knew or should have known of the '484 patent upon its issuance. Verizon has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '484 patent. This

13

objectively-defined risk has been known or so obvious that it should have been known to Verizon.

63.     As a result of Verizon's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Verizon is enjoined from continuing to infringe the '484 patent.

64.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Verizon to compensate it for Verizon's infringement of the '484 patent.

65.     Without a license or permission from Plaintiff, Google has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services.  Google's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices, including its My Location product.  Google, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Google's products and services.

66.     As a result of Google's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Google is enjoined from continuing to infringe the '484 patent.

67.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Google to compensate it for Google's infringement of the '484 patent.

14

68.     Without a license or permission from Plaintiff, Skyhook has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. Skyhook's infringing products and services include, without limitation, its products and services for determining the locations of wireless mobile devices. Skyhook, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of Skyhook's products and services.

69.     As a result of Skyhook's infringement of the '484 patent, Plaintiff has been damaged by and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Skyhook is enjoined from continuing to infringe the '484 patent.

70.     Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from Skyhook to compensate it for Skyhook's infringement of the '484 patent.

## Jury Demand

71.     Plaintiff demands trial by jury of all issues relating to its claims regarding the '231 and '484 patents.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment as follows:

A.      A judgment in favor of Plaintiff that (a) AT&T, MetroPCS, Sprint, Verizon, Google, and Skyhook have infringed the '231 patent, and (b) AT&T, MetroPCS, Peoples, Sprint, Verizon, Google, and Skyhook have infringed the '484 patent;

B.    A judgment and order finding that AT&T, Sprint, and Verizon have willfully infringed the '231 and '484 patents;

C.    A decree preliminarily and permanently enjoining (a) AT&T, MetroPCS, Sprint, Verizon, Google, and Skyhook as well as their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '231 patent; and (b) AT&T, MetroPCS, Peoples, Sprint, Verizon, Google, and Skyhook as well as their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '484 patent;

D.    A judgment and order requiring (a) AT&T, MetroPCS, Sprint, Verizon, Google, and Skyhook to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for Defendants' infringement of the '231 patent, as provided under 35 U.S.C. § 284; and (b) AT&T, MetroPCS, Peoples, Sprint, Verizon, Google, and Skyhook to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for Defendants' infringement of the '484 patent, as provided under 35 U.S.C. § 284;

E.    A judgment and order finding that this patent infringement case is exceptional within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

F.    Any and all other relief to which Plaintiff may be entitled.

Dated:  May 19, 2011                                Respectfully submitted,


                                             By:  /s/ S. Calvin Capshaw

                                                   Gregory S. Dovel
                                                   CA State Bar No. 135387
                                                   Email: greg@dovellaw.com
                                                   Richard E. Lyon
                                                   CA State Bar No. 229288
                                                   Email: rick@dovellaw.com
                                                   DOVEL & LUNER, LLP
                                                   201 Santa Monica Blvd., Suite 600
                                                   Santa Monica, CA 90401
                                                   Telephone:  310-656-7066
                                                   Facsimile:  310-657-7069


                                                   S. Calvin Capshaw
                                                   State Bar No. 03783900
                                                   Elizabeth L. DeRieux
                                                   State Bar No. 05770585
                                                   CAPSHAW DERIEUX, L.L.P.
                                                   114 E. Commerce Ave.
                                                   Gladewater, Texas 75647
                                                   Telephone: (903) 236-9800
                                                   Facsimile: (903) 236-8787
                                                   Email:  ccapshaw@capshawlaw.com
                                                   Email:  ederieux@capshawlaw.com


                                                   Robert Christopher Bunt
                                                   State Bar No. 00787165
                                                   Email: cbunt@cox-internet.com
                                                   PARKER & BUNT, P.C.
                                                   100 East Ferguson, Ste. 1114
                                                   Tyler, TX 75702
                                                   Telephone:  903/531-3535
                                                   Facsimile: 903/533-9687


                                                   ATTORNEYS FOR PLAINTIFF
                                                   TRACBEAM, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 19th day of May, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other parties will be served by electronic mail, facsimile transmission and/or first class mail or formal service of process on this same date.

/s/ S. Calvin Capshaw

18

# Exhibit 3

[this page intentionally blank]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   11-cv-02519-WYD-MJW

TELECOMMUNICATION SYSTEMS, INC.,
a Maryland company,

        Plaintiff,

v.

TRACBEAM, L.L.C.,
a Colorado limited liability company,

        Defendant.

---

**DECLARATION OF BRUCE A. WHITE IN SUPPORT OF PLAINTIFF
TELECOMMUNICATION SYSTEMS, INC.'S OPPOSITION
TO DEFENDANT TRACBEAM, L.L.C.'S MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(1)**

---

I, Bruce A. White, declare as follows:

1.      I am the Senior Vice President & General Counsel of TeleCommunication Systems, Inc., located at 275 West Street, Annapolis, MD 21401.

2.      I submit this Declaration in support of Plaintiff TeleCommunication Systems, Inc.'s ("TCS") Opposition to TracBeam's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1).

3.      Specifically, I submit this Declaration to clarify the circumstances involved with TCS' indemnification of MetroPCS in the suit filed against it by TracBeam, L.L.C. ("TracBeam") on February 25, 2011 (Civil Action No. 6:11cv0096) ("the Texas litigation").

4.      From reviewing the docket of the Texas litigation, I understand that on February 25, 2011, TracBeam filed a Complaint for patent infringement against MetroPCS and other defendants in the Eastern District of Texas.

5.      On May 3, 2011, MetroPCS requested indemnification from TCS to defend the patent infringement claims in the Texas litigation. MetroPCS' indemnification request was based on an indemnification clause included in a contract between TCS and MetroPCS. The contract governs the supply of products/services that allow for certain location based services to be provided to MetroPCS.

6.      On May 19, 2011, TracBeam filed an Amended Complaint that added two additional defendants to the Texas litigation.

7.      In late May 2011, after evaluating MetroPCS' indemnification request, including the patents asserted by TracBeam, the Complaint, and the Amended Complaint, TCS agreed to indemnify MetroPCS for the products/services provided to MetroPCS, pursuant to its contractual agreement.

8.     Accordingly, at the time TCS filed its Declaratory Judgment Complaint in the present action, TCS had agreed to indemnify MetroPCS in its defense of the Texas litigation.

I declare under penalty of perjury that the foregoing is true and correct and based upon my personal knowledge.

EXECUTED this 15th day of November, 2011, at Annapolis, MD.

_Bruce A. White_

Bruce A. White

# Exhibit 4

[this page intentionally blank]

Dennis Dupray
TracBeam L.L.C.
1801 Belvedere Drive
Golden, Colorado 80401

August 30, 2011

Mr. Maurice Tosé
TeleCommunication Systems (TCS)
275 West Street
Annapolis, MD 21401

Dear Mr. Tosé:

     Over a decade ago, TracBeam L.L.C. invented novel systems for determining the location of mobile stations, such as cellular phones. In today's mobile world, TracBeam's inventions are highly valuable in location-based services, such as those used in mobile telephony. I am writing to make sure that you are aware of TracBeam's patent portfolio, including U.S. Patent Nos. 6,249,252; 7,274,332; 7,298,327; 7,525,484; and 7,764,231. TracBeam anticipates that additional, related U.S. patents will be issuing in the near future. Additionally, TracBeam has Canadian and United Kingdom patents, including Canadian Patent No. 2,265,875 and United Kingdom Patents 2,384,952; 2,405,292; 2,337,386; 2,354,387; and 2,354,129.

     Please do not hesitate to contact me with any questions.

Very truly yours,

Dennis Dupray

# Exhibit 5

[this page intentionally blank]

**OF**

**INTELLABS, LLC**

951097107 C $50.00
SECRETARY OF STATE
08-01-95   15:06

The undersigned, being a natural person of eighteen years of age or more and

desiring to form a limited liability company under the laws of the state of Colorado, does hereby

sign and deliver in duplicate to the Secretary of State of Colorado these Articles of Organization.

## ARTICLE I
## NAME

The name of the limited liability company shall be "IntelLabs, LLC" (the "Company").

## ARTICLE II
## REGISTERED OFFICE AND AGENT

The address of the initial registered office of the Company is Suite 400, 1401 Pearl Street, Boulder, Colorado 80302. The name of its initial registered agent at such address is Paul E. Smith. Either the registered office or the registered agent may be changed in the manner provided by law.

## ARTICLE III
## INITIAL MANAGERS

Management of the Company shall be vested in managers. The initial managers of the Company shall consist of two managers. All documents executed on behalf of the Company need only be signed by the managers. All third parties may rely on documents executed by the managers as binding the Company. The names and business addresses of the persons who shall

#10810

| Dennis J. Dupray | 222 South Marion Parkway<br>Denver, Colorado  80209 |
| Frederick Warren LeBlanc | 222 South Marion Parkway<br>Denver, Colorado  80209 |

## ARTICLE IV
## CONTINUATION

Upon the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member or the occurrence of any other event which terminates the continued membership of a member in the Company, the remaining members may agree to continue the business of the Company.

## ARTICLE V
## ORGANIZER

The name and address of the organizer is Paul E. Smith, Suite 400, 1401 Pearl Street, Boulder, Colorado  80302.

IN WITNESS WHEREOF, the above-named organizer signed these Articles of Organization, this 31st day of July, 1995.

_____
Paul E. Smith

#10810                                      -2-

# Exhibit 6

[this page intentionally blank]

**≡E-Filed**

Colorado Secretary of State
Date and Time: 08/06/2011 03:16 PM
ID Number: 19951097107

Document must be filed electronically.
Paper documents will not be accepted.
 Document processing fee    $10.00
 Late fee if entity is in noncompliant status $40.00
Fees & forms/cover sheets
 are subject to change.
To access other information or print
 copies of filed documents,
 visit www.sos.state.co.us and
 select Business.
 and select Business Center.

Document number: 20111449711
Amount Paid: $10.00

ABOVE SPACE FOR OFFICE USE ONLY

## Periodic Report
filed pursuant to §7-90-301, et seq. and §7-90-501 of the Colorado Revised Statutes (C.R.S)

ID number:         19951097107

Entity name:        TRACBEAM, LLC

Jurisdiction under the law of which the
entity was formed or registered:    Colorado

1. Principal office street address:    1801 BELVEDERE DRIVE
                *(Street name and number)*

            GOLDEN    CO  80401
             *(City)*    *(State)* *(Postal/Zip Code)*
                  United States
          *(Province – if applicable)*  *(Country - if not US)*

2. Principal office mailing address:
 (if different from above)      *(Street name and number or Post Office Box information)*

             *(City)*   *(State)*  *(Postal/Zip Code)*
          *(Province – if applicable)*  *(Country - if not US)*

3. Registered agent name: (if an individual)  DUPRAY  DENNIS  J.
                *(Last)*   *(First)*  *(Middle)* *(Suffix)*

     **OR** (if a business organization)

4. The person identified above as registered agent has consented to being so appointed.

5. Registered agent street address:    1801 BELVEDERE STREET
                *(Street name and number)*

            GOLDEN    CO  80401
             *(City)*   *(State)*  *(Postal/Zip Code)*

6. Registered agent mailing address:
    (if different from above)

_____
*(Street name and number or Post Office Box information)*

_____

| _____ | _____ | _____ |
| *(City)* | *(State)* | *(Postal/Zip Code)* |

| _____ | _____ |
| *(Province – if applicable)* | *(Country – if not US)* |

Notice:

Causing this document to be delivered to the secretary of state for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the secretary of state, whether or not such individual is named in the document as one who has caused it to be delivered.

7. Name(s) and address(es) of the
   individual(s) causing the document
   to be delivered for filing:

| Dupray | Dennis | J | |
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

1801 Belvedere Drive
_____
*(Street name and number or Post Office Box information)*

| Golden | CO  80401 | |
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States

| _____ | _____ |
| *(Province – if applicable)* | *(Country – if not US)* |

*(The document need not state the true name and address of more than one individual. However, if you wish to state the name and address of any additional individuals causing the document to be delivered for filing, mark this box* ☐ *and include an attachment stating the name and address of such individuals.)*

**Disclaimer:**

This form, and any related instructions, are not intended to provide legal, business or tax advice, and are offered as a public service without representation or warranty. While this form is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form. Questions should be addressed to the user's attorney.

# Exhibit 7

[this page intentionally blank]

INFORMATION BELOW IS ON FILE IN THIS OFFICE - DO NOT CHANGE PRE-PRINTED INFORMATION

| CORPORATE NAME REGISTERED AGENT, REGISTERED OFFICE, CITY, STATE & ZIP | FOR OFFICE USE ONLY |
|---|---|

19951097107   DLLC   STATE/COUNTRY OF INC   CO
SMITH PAUL E
INTELLABS, LLC
SUITE 400 1401 PEARL STREET
BOULDER CO 80302

FOR OFFICE USE ONLY

19991191519  M
$   25.00
SECRETARY OF STATE

FIRST REPORT OR CORRECTIONS ABOVE COLUMN

**Return completed reports to:**
Department of State
Corporate Report Section
1560 Broadway, Suite 200
Denver, CO 80202

TYPE NEW AGENT NAME *Dennis Dupray*
SIGNATURE OF NEW REGISTERED AGENT *Dennis Dupray*
MUST HAVE A STREET ADDRESS *1801 Belvedere St.*
CITY *Golden*   STATE CO   ZIP *80401*

| OFFICERS NAME AND ADDRESS | TITLE |
|---|---|

| DIRECTORS OR LIMITED LIABILITY COMPANY MANAGERS | (If you have less than 3 shareholders, you may list less than 3 directors) |
|---|---|

DUPRAY DENNIS J
222 SOUTH MARION PARKWAY
DENVER CO 80209

LEBLANC FREDERICK WARREN   ← NO
222 SOUTH MARION PARKWAY   ← LONGER
DENVER CO 80209   A MEMBER

Address of Principal Place of Business
Street *1801 Belvedere St.*
City *Golden, CO. 80401*   State *CO.*   Zip *80401*

**SIGNATURE**

Under penalties of perjury and as an authorized officer, I declare that this biennial report and, if applicable, the statement of change of registered office and/or agent, has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete.

BY *Dennis Dupray*   Authorized Agent
TITLE *MANAGING MEMBER*   DATE *10-9* 19 *99*

☐ NOTE: DO NOT USE THIS BOX IF THIS IS YOUR FIRST REPORT!!! SEE INSTRUCTIONS ON REVERSE. IF THERE ARE NO CHANGES SINC YOUR LAST REPORT, MARK THIS BOX, SIGN ABOVE AND RETURN WITH THE FEE AND BY THE DATE DUE INDICATED ABOVE(UPPER LEF HAND CORNER). IF YOU ARE FILING AFTER THE DATE DUE ABOVE, CONTACT THIS OFFICE FOR THE PROPER FEE. (303) 894-2251

**SEE INSTRUCTIONS ON BACK**

52986528

OLLC 19951047107

FILED
SECRETARY OF STATE
COLORADO SECRETARY OF STATE

**AMENDED**
**ARTICLES OF ORGANIZATION**
**OF**

CHANGE OF NAME                          Intellahz, LLC Water's

20001214175   C
$   25.00
SECRETARY OF STATE
11-02-2000   14:41:43

The undersigned natural person of the age of eighteen (18) years or more acting as the Manager of Intellahz, LLC (hereinafter referred to as the "Company"), pursuant to the provisions of the Colorado Limited Liability Company Act, (hereinafter referred to as the "Act"), and the unanimous written consent of the Members of the Company hereby adopts the following Amendment to the Articles of Organization:

FIRST:  The name of the Limited liability company is hereby changed to TrackSecurs, LLC.

WITNESS WHEREOF, the undersigned, being the Manager of the Company designated herein, executes this Amendment to the Articles of Organization and certifies to the truth of the facts therein stated this 2nd day of November, 2000.

Dennis Duprey, Manager

STATE OF COLORADO    )
                     ) ss.
COUNTY OF DENVER     )

I, the undersigned, a Notary Public duly commissioned to take acknowledgments and administer oaths in the State of Colorado, hereby certifies that on the 2nd day of November, 2000, the above-named Manager personally appeared before me and, being by me duly sworn, declared

COMPLETE

# Exhibit 8

[this page intentionally blank]

US007764231B1

(12) **United States Patent**
Karr et al.

(10) Patent No.: **US 7,764,231 B1**
(45) Date of Patent: **Jul. 27, 2010**

(54) **WIRELESS LOCATION USING MULTIPLE MOBILE STATION LOCATION TECHNIQUES**

(75) Inventors: **Charles L. Karr**, Tuscaloosa, AL (US); **Dennis J. Dupray**, Denver, CO (US)

(73) Assignee: **TracBeam LLC**, Golden, CO (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/194,367**

(22) PCT Filed: **Sep. 8, 1997**

(86) PCT No.: **PCT/US97/15892**

§ 371 (c)(1),
(2), (4) Date: **Nov. 24, 1998**

(87) PCT Pub. No.: **WO98/10307**

PCT Pub. Date: **Mar. 12, 1998**

**Related U.S. Application Data**

(60) Provisional application No. 60/025,855, filed on Sep. 9, 1996, provisional application No. 60/044,821, filed on Apr. 25, 1997, provisional application No. 60/056,590, filed on Aug. 20, 1997.

(51) Int. Cl.
*G01S 3/02* (2006.01)
*H04Q 7/20* (2006.01)

(52) U.S. Cl. ...................... **342/457**; 342/450; 342/453; 455/456.1; 455/456.6

(58) Field of Classification Search ................. 342/450, 342/453, 457, 357.06, 357.02, 357.09, 357.14; 701/213, 215; 455/456.1–456.3, 456.5–456.6
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,646,580 A   2/1972   Fuller et al. .................. 325/53
(Continued)

FOREIGN PATENT DOCUMENTS

EP   0 177 203 A2   9/1985
(Continued)

OTHER PUBLICATIONS

CC Docket No. 94-102, Before the Federal Communications Commission, in the Matter of Revision of the Commission's Rules to Ensure Compatibility with Enhanced 911 Emergency Calling Systems; "Comments of Harris Government Communication Systems Division *A Division of Harris Corporation*", filed Sep. 25, 1996.
(Continued)

*Primary Examiner*—Dao L Phan

(57) **ABSTRACT**

A hybrid wireless location system and method is disclosed for locating mobile stations (MSs). Multiple wireless location techniques (FOMs) are provided for MS location. One or more FOMs can be activated in various combinations (serially or parallelly) for outputting one or more MS location estimates with signal protocols, e.g., CDMA, TDMA, or GSM. Resulting location estimates may be for, e.g.: 911 emergency calls, tracking, navigation, people and animal location, and/or applications for confinement to and/or exclusion from geographical areas. System components may be distributed on a network (e.g., the Internet). FOMs may be based on one or more of: TOA, TDOA, AOA, signal pattern recognition/fingerprinting, statistical analysis, base station coverage, GPS signals received at the MS, and/or input from mobile stations. Location estimates are enhanced by adjusting MS estimates (and/or confidences therefor) according to: a past performance of the FOM providing such estimates, and/or MS geolocation or velocity constraints.

**232 Claims, 62 Drawing Sheets**



# Exhibit 9

[this page intentionally blank]

US007525484B2

(12) **United States Patent**
Dupray et al.

(10) **Patent No.:** **US 7,525,484 B2**
(45) **Date of Patent:** **Apr. 28, 2009**

(54) **GATEWAY AND HYBRID SOLUTIONS FOR WIRELESS LOCATION**

(75) Inventors: **Dennis J. Dupray**, Denver, CO (US); **Charles L. Karr**, Tuscaloosa, AL (US)

(73) Assignee: **TracBeam LLC**, Golden, CO (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 72 days.

(21) Appl. No.: **09/770,838**

(22) Filed: **Jan. 26, 2001**

(65) **Prior Publication Data**

US 2001/0022558 A1      Sep. 20, 2001

**Related U.S. Application Data**

(63) Continuation of application No. 09/194,367, filed as application No. PCT/US97/15892 on Sep. 8, 1997.

(60) Provisional application No. 60/056,590, filed on Aug. 20, 1997, provisional application No. 60/044,821, filed on Apr. 25, 1997, provisional application No. 60/025,855, filed on Sep. 9, 1996.

(51) **Int. Cl.**
*G01S 3/02*      (2006.01)

(52) **U.S. Cl.** ..................................... **342/450**; 342/457

(58) **Field of Classification Search** ............ 342/357.01, 342/357.06, 450, 453, 463–465, 457; 455/456, 455/457, 456.2, 456.6
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,646,580 A      2/1972  Fuller et al. ................... 325/53
(Continued)

FOREIGN PATENT DOCUMENTS

EP      0 177 203 A2      9/1985
(Continued)

OTHER PUBLICATIONS

Lepkofker; U.S. Appl. No. 08/246,149 Entitled Individual Location System; May 19, 1994.
(Continued)

*Primary Examiner*—Dao L Phan
(74) *Attorney, Agent, or Firm*—Dennis J. Dupray

(57) **ABSTRACT**

A location system is disclosed for commercial wireless telecommunication infrastructures. The system is an end-to-end solution having one or more location centers for outputting requested locations of commercially available handsets or mobile stations (MS) based on, e.g., CDMA, AMPS, NAMPS or TDMA communication standards, for processing both local MS location requests and more global MS location requests via, e.g., Internet communication between a distributed network of location centers. The system uses a plurality of MS locating technologies including those based on: (1) two-way TOA and TDOA; (2) pattern recognition; (3) distributed antenna provisioning; and (4) supplemental information from various types of very low cost non-infrastructure base stations for communicating via a typical commercial wireless base station infrastructure or a public telephone switching network. Accordingly, the traditional MS location difficulties, such as multipath, poor location accuracy and poor coverage are alleviated via such technologies in combination with strategies for: (a) automatically adapting and calibrating system performance according to environmental and geographical changes; (b) automatically capturing location signal data for continual enhancement of a self-maintaining historical data base retaining predictive location signal data; (c) evaluating MS locations according to both heuristics and constraints related to, e.g., terrain, MS velocity and MS path extrapolation from tracking and (d) adjusting likely MS locations adaptively and statistically so that the system becomes progressively more comprehensive and accurate. Further, the system can be modularly configured for use in location signaling environments ranging from urban, dense urban, suburban, rural, mountain to low traffic or isolated roadways. Accordingly, the system is useful for 911 emergency calls, tracking, routing, people and animal location including applications for confinement to and exclusion from certain areas.

**77 Claims, 62 Drawing Sheets**



# Exhibit 10

[this page intentionally blank]

Patent Attorney and Agent Detailed Information

 **United States Patent and Trademark Office**

**Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help**

Boards & Counsel > OED > Patent Attorney/Agent Search > Search Results > Detailed Information

| | |
|---|---|
| **Last Name** | Dupray |
| **First Name** | Dennis |
| **Middle Name** | J |
| **Suffix** | |
| **Firm Name** | Sheridan Ross, PC |
| **Address** | 1560 Broadway<br>Suite 1200 |
| **City** | Denver |
| **State/Province** | CO |
| **Postal Code** | 80202 |
| **Country** | US |
| **Primary Telephone** | (303) 863-2975 |
| **Registration Number** | 46299 |
| **Attorney/Agent** | AGENT |
| **Date Registered as Agent** | 03/24/2000 |

information filed on Thu Nov 10 07:44:43 EST 2011

| HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY POLICY

Last Modified: 11/10/2011 EST