IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   11-cv-02519-WYD-MJW

TELECOMMUNICATION SYSTEMS, INC.,
a Maryland company,

        Plaintiff,                    REQUEST FOR ORAL ARGUMENT

v.

TRACBEAM, L.L.C.,
a Colorado limited liability company,

        Defendant.

---

**PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S
OPPOSITION TO DEFENDANT TRACBEAM, L.L.C.'S
MOTION TO TRANSFER UNDER 28 U.S.C. 1404(a)**

---

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RELEVANT FACTS | 1 |
| III. | ARGUMENT | 3 |
| | A. Under 28 U.S.C. § 1404(a), TracBeam Has the Burden of Proving That the Eastern District of Texas Is Clearly More Convenient | 3 |
| | B. TCS' Choice of Forum Is Entitled to Deference | 4 |
| | C. Accessibility of Witnesses and Other Sources of Proof Weights Against Transfer | 5 |
| | D. Transfer to the Eastern District of Texas Will Not Advance Judicial Efficiency | 6 |
| |    1. Only A Subset of the Products At Issue In This Action Are the Same | 7 |
| |    2. TracBeam Has Not Identified Asserted Claims In This Action | 8 |
| |    3. Transfer Will Not Simplify Claim Construction | 8 |
| | E. The Pendency of the Texas Litigation does not Require Transfer and Consolidation | 9 |
| | F. Transfer to the Eastern District of Texas Would Reward TracBeam's Forum Shopping | 9 |
| | G. The Remaining Factors are Neutral | 10 |
| IV. | CONCLUSION | 10 |
| V. | REQUEST FOR ORAL ARGUMENT | 10 |

i

Plaintiff TeleCommunication Systems, Inc. ("TCS"), by and through its undersigned counsel, submits this Memorandum in Opposition to Defendant TracBeam, L.L.C.'s ("TracBeam") Motion to Dismiss Under 28 U.S.C. 1404(a) (the "Motion").

## I. INTRODUCTION

Defendant TracBeam argues that the instant action should be transferred to the Eastern District of Texas because the interests of justice allegedly require transfer and consolidation with a purportedly overlapping case. TracBeam's contention is unavailing because the issues in this action are different than those present in the case in the Eastern District of Texas.

Not only is TCS's suit the "first filed" action between TCS and TracBeam – it is the <u>only</u> action between the two entities, as TCS is not a party to the allegedly overlapping action. In its Motion, TracBeam fails to overcome the requisite deference to the District of Colorado as TCS' chosen forum. Additionally, TracBeam fails to meet the high burden of proof necessary to support transfer. Because it is located in this District, and one of its principals and inventors lives a stone's throw away from this Court, TracBeam has placed itself in the unsupportable position of arguing against the obvious convenience of its home turf.

TracBeam's primary argument for transfer to the Eastern District of Texas is that TracBeam has sued one of TCS' customers in that forum. *See TracBeam, L.L.C. v. AT&T Inc. et al.*, 6:11-cv-00096-LED (the "Texas litigation"). TracBeam ignores the fact that TCS provides software and services to more customers than those involved in the Texas litigation. The issues in the present action are therefore broader than those of the Texas litigation, will likely involve different claims of the patents-in-suit, and should be adjudicated by this Court.

## II. RELEVANT FACTS

TCS filed this declaratory relief action on September 27, 2011, seeking a declaration that one or more of the claims of the patents-in-suit are not infringed and invalid. TracBeam had

1

previously accused two of TCS' customers, MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. (collectively "MetroPCS"), of infringement of the same patents-in-suit in the Texas litigation. Declaration of Bruce White in Support of TCS's Opposition to TracBeam's Motion to Transfer ("White Decl.") at ¶ 3.

TracBeam claims that the patents-in-suit include "detailed method and system claims that focus on using hybrid location techniques to find the positions of mobile stations." (ECF No. 6 at 2-3). Because the method and system claims implicate a combination of software and systems provided by TCS, which are independent of a particular consumer device, *e.g.*, a mobile telephone, the location of MetroPCS' accused devices is irrelevant. Indeed, TCS provides location-based services that can be implemented using consumer devices throughout the United States, and TCS' customers are not geographically limited to any one federal judicial District. White Decl. at ¶ 8.

TCS' headquarters are located in Maryland, but also has an office in Seattle, Washington, and offices in Sane Jose, California and Aliso Viejo, California. *Id.* at ¶ 5. All of the TCS employees with relevant information concerning the development, functionality, implementation, and use of the location-based services technology that TracBeam claims to be at issue in this case are based out of TCS' Seattle and California offices. *Id.* at ¶ 6. Further, the systems related to the location-based services technology that TracBeam claims to be at issue in this case are based out of TCS' California and Seattle offices. *Id.* at ¶ 7.

Of paramount importance to this inquiry is the fact that TracBeam is located in Colorado, and has been since its incorporation in 1995.[1] Ex. 1.[2] Dennis Dupray is both the managing

---

[1] The entity that is now TracBeam was originally incorporated as "INTELLABS, LLC" but changed its name to "TracBeam, LLC" No November 2, 2000.

[2] Unless otherwise noted, all cites to exhibits are attached to the Declaration of Sid V. Pandit in support of Plaintiff's Opposition to TracBeam's Motion to Transfer under 28 U.S.C. § 1404(a).

2

member and registered agent of TracBeam. *Id.* Both the registered address and principal address of TracBeam appear to be Mr. Dupray's personal residence, who has admitted to being domiciled in Colorado. (ECF No. 10 at FN6.) Moreover, Mr. Dupray and former TracBeam principal Charles Karr are the named inventors on both U.S. Patent Nos. 7,764,231 and 7,525,484 (collectively the "TracBeam Patents"). Ex. Nos. 2 and 3.[3] The applications that matured into the TracBeam Patents were also prosecuted from Colorado. Ex. 4. Finally, TracBeam has not alleged that it produces anything in Texas, or that it has provided any services in that state. Indeed, TracBeam has identified no business whatsoever in Texas, other than the business of filing lawsuits.

### III. ARGUMENT

#### A. Under 28 U.S.C. § 1404(a), TracBeam Has the Burden of Proving That the Eastern District of Texas Is Clearly More Convenient

28 U.S.C. § 1404 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action brought to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In considering a motion to transfer under § 1404(a), the 10th Circuit weighs the following factors:

> the plaintiff's choice of forum, the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law and [] all other considerations of a practical nature that make a trial easy, expeditious and economical.

---

[3] As the TracBeam Patents were attached to the Complaint in their entirety, only the first page and claims have been attached.

3

*Emplrs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (*citing Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein, 956 F.2d 963, 965* (10th Cir. 1992) (internal quotation marks omitted). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* at 966.

### B. TCS' Choice of Forum Is Entitled to Deference

TCS' choice of this forum weighs against transfer because "unless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Id.* at 965 (internal quotation marks omitted). TracBeam attempts to undercut the deference afforded to TCS' forum selection by arguing that TCS is not located in Colorado. This argument ignores the fact that TracBeam itself is located in Colorado. Indeed, TracBeam's deeply rooted ties to Colorado weighed heavily in TCS' decision to select this forum to adjudicate this action. White Decl. at ¶ 4.

Contrary to TracBeam's unsupported contention, even a non-resident's choice of forum is entitled to deference where the defendant is located in the forum state and the balance of events relevant to the case took place there. *See Emplrs Mut. Cas. Co.*, 618 F.3d at 1168 (finding that Iowa corporation's choice of Wyoming as a forum weighed against transfer because "the facts giving rise to the lawsuit have [a] material relation or significant connection to" Wyoming) (internal citation omitted); *Home Indem. Co. v. Stimson Lumber Co.*, 229 F.Supp.2d 1075, 1085-86 (D. Or. 2001).

TCS has requested a declaration from the Court that one or more of the claims of the patents-in-suit are invalid. Of particular importance to this issue is the location of TracBeam, its principals, one of the two alleged inventors listed on the TracBeam Patents, and the agent that

4

prosecuted the applications that matured into the TracBeam Patents, all of which are located in Colorado. In fact, aside from the filing of the Texas litigation earlier this year, there is no evidence that anything related to TracBeam or its patents has ever occurred outside of Colorado. The operative facts that give rise to this case, including witnesses and sources of proof, demonstrate much more than a "superficial" connection to Colorado, which therefore entitles TCS to deference in its choice to forum. *See Emplrs Mut. Cas. Co.*, 618 F.3d at 1168; *Home Indem., Co,* 229 F. Supp2d at 1085-86; *Miller,* 196 F.R.D. at 25; *cf. In re Link_A_Media* (Fed. Cir. 2011).

### C. Accessibility of Witnesses and Other Sources of Proof Weighs Against Transfer

The relative ease of access to witnesses and sources of proof also strongly weighs against transfer to the Eastern District of Texas. This factor has been found to favor transfer where the documentary and physical evidence is located mainly in, or closer to, the transferee venue. *See In re TS Tech.*, 551 F.3d 1315, 1317 (Fed. Cir. 2008). Here, the patents-in-suit were prosecuted from Colorado. Ex. 4. And, most importantly, the Defendant is located in Colorado, as is one of the two alleged inventors. ECF No. 10 at 12.

TCS has also requested a declaration that TCS' software and/or systems do not infringe one or more claims of the patents-in-suit. Accordingly, the proximity of relevant documents and witnesses related to the operation of TCS' software and/or systems to this Court are a significant factor against transfer. In this case, TCS' relevant documents will include documents relating to the creation, development, and provision of the allegedly infringing software. All of the research, development, and active provision of services performed by TCS are based in either TCS' Seattle or California offices, which are much closer to this District than they are to Texas. White Decl. at ¶ 6, 7. The TCS employees most knowledgeable about the technology at issue are

5

similarly located in TCS' Seattle and California offices.[4] Contrary to TracBeam's contention, the operative facts do not arise from the location of the consumer devices, *e.g.*, mobile phones, provided by TCS' customer, MetroPCS. Accordingly, neither party has performed substantial activity relevant to this case in Texas.

TracBeam asks the Court to rely on its assumption that, if transferred, this matter will be consolidated with the Texas litigation. Essentially, TracBeam uses the multi-defendant Texas litigation to argue that non-TCS and non-TracBeam witnesses would be more accessible and less inconvenienced in the Eastern District of Texas. However, TracBeam only discusses two specific individual witnesses – alleged inventors Mr. Dupray and Mr. Karr. Mr. Dupray resides in Colorado, and this District would clearly be more convenient for him. (ECF No. 10 at 12). Mr. Dupray is also the Registered Agent for TracBeam, and has an address of 1801 Belvedere Dr., Golden, CO 80401 – a mere 14.9 miles from the United States District Court for the District of Colorado. Ex. 6.

TracBeam's assertion that Texas is more convenient for either TracBeam or TCS strains credulity – this District is home to nearly all of the operations of TracBeam (outside of the Texas litigation), and is where the owner, Registered Agent, and at least one of the inventors are located. To claim that Mr. Dupray would somehow be inconvenienced by having to testify in this jurisdiction, when he is obviously operating out of Colorado, is disingenuous at best.

### D. Transfer to the Eastern District of Texas Will Not Advance Judicial Efficiency

Despite TracBeam's unfounded representations to the contrary, transfer to the Eastern District of Texas would not advance judicial efficiency. TracBeam contends that judicial

---

[4] In order to participate in this District, TCS' Seattle employees would need travel only 1,370 miles, as opposed to travelling 2,334 miles to Tyler, Texas – a difference of almost a thousand miles. Ex. 5. TCS' San Jose and Aliso Viejo-based employees would travel 1,297 miles and 1,022 respectively to Denver as opposed to 1,792 miles and 1,521 respectively to Tyler, a difference of about additional 500 miles to Texas in each case. Ex. 5.

6

efficiency requires transfer for the following three reasons: (i) the products at issue in this action are the same as in the Texas litigation; (ii) the claims to be construed by this Court will be the same as in the Texas litigation; and (iii) transfer will simplify claim construction. TracBeam's only support for these assertions is based on hypothetical arguments, *e.g.*, "the Colorado and Texas Actions **may result** in different findings regarding **the same or similar** acts of infringement." (ECF No. 10 at 10) (emphasis added).[5]

### 1. Only A Subset of the Products At Issue In This Action Are the Same

As an initial matter, TracBeam's analysis ignores the fact that the Texas litigation involves separate and unrelated parties. TCS has various customers located throughout the United States, and the software and/or systems offered to MetroPCS include a subset of TCS' total offerings. *See Boston Scientific Corp. v. Johnson & Johnson Inc.*, 532 F.Supp.2d 648, 655 (D. Del. 2008) ("BSC is not a party to the New Jersey Litigation, although the same product and same patents are involved in both suits"); *Warner v. Stryker Corp.*, Slip Copy, 2009 WL 1773170 *1 (D. Or., June 22, 2009) (common theory of liability does not render plaintiffs' claims "arising out of" the same transaction, occurrence or series of transactions). Thus, the central issue of a patent case – whether the specific accused product infringes the identified claims of a valid enforceable patent – is likely to be unique with respect to each of the lawsuits.

In view of the differences among the parties and accused products, consolidation of issues for trial may well prove to be judicially inefficient and confusing to the fact finder. *See Micron Tech., Inc. v. Mosaid Tech., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) (noting that competing infringement case was "broader in some regards" and "narrower" in others and, thus, of limited relevance to an analysis § 1404(a)); *see also Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d

---

[5] TracBeam may counter that TCS is also unsure of which claims are being asserted, or what products are being accused. As a preemptive strike against such an argument, TCS underscores that the uncertainty itself undermines TracBeam's Motion.

7

122, 133 (S.D.N.Y. 2003) ("courts consistently deny the joinder of unrelated parties into one action, even where the infringement of the same patent is alleged, and thereby allow for the actions against those defendants to proceed separately").

### 2. TracBeam Has Not Identified Asserted Claims In This Action

The two TracBeam Patents include over 300 claims. Exs. 2, 3. At this early stage of this action, it is unclear exactly which of these 300 claims will be asserted by TracBeam. Thus, TracBeam's contention that the claims at issue in this case and the Texas litigation will be the same is without merit. With over 300 claims between the two patents-in-suit and no stipulation from TracBeam that it will assert the same claims, TracBeam is free to determine which claims it wants to assert well after this Motion is ruled upon.[6]

### 3. Transfer Will Not Simplify Claim Construction

Although TCS provides software and/or services to MetroPCS, it also provides other software that is likely to be implicated in this action. Because of the potential difference in the scope of technology at issue in the two cases, it is likely that the claims asserted by TracBeam in this action will be different than those asserted in the Texas litigation. Accordingly, the Court in this action may need to construe terms that are not at issue in the Texas litigation.

Even if the Court were to transfer this action to the Eastern District of Texas, judicial efficiency would not necessarily be achieved. Collateral estoppel may prevent TracBeam from re-litigating claim construction issues, but TCS, not a party to the Texas litigation, would not be precluded from proffering its own constructions (for previously construed terms as well as new terms at issue). *See Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1323 (Fed. Cir. 2003) (holding that collateral estoppel can prevent patentee from re-litigating claim construction). Further,

---

[6] As recently as eleven days ago, TracBeam attempted to have this action dismissed by arguing that it has not accused MetroPCS of direct infringement based on TCS's technology. ECF No. 11 at 5.

Courts in the Eastern District of Texas have generally declined to apply the doctrine of collateral estoppels when an earlier construction was not litigated to a final judgment. *See, e.g., Logan v. Hormel Foods Corp.*, No. 6:04-CV-211, 2004 WL 5216126, at *2 (E.D. Tex. Aug.25, 2004). Even if the Court in the Texas litigation were to issue a claim construction ruling prior to the construction of claim terms in this action, nothing prevents this Court from looking to the Texas Court's constructions for guidance.

### E. The Pendency of the Texas Litigation does not Require Transfer and Consolidation

Throughout its Motion, TracBeam attempts to use the existence of the Texas litigation to tip the scale in favor of transfer when analyzing the Tenth Circuit's § 1404(a) factors. Rather than properly focusing on the accessibility of witnesses and sources of proof with respect to the issues relevant in the instant case, TracBeam mistakenly focuses on the existence of the Texas litigation to argue that Texas provides a more convenient forum. However, the Eastern District of Texas itself has explained that, while transfer may be appropriate if significant work has been done by the court in the transferee venue, when the court has had limited involvement in the case and the overlap between the cases is limited, transfer will only produce "minimal gains in judicial efficiency." *See J2 Global Communications, Inc. v. Protus IP Solutions, Inc.*, 2008 WL 5378010 (E.D. Tex. Dec. 23, 2008).[7]

### F. Transfer to the Eastern District of Texas Would Reward TracBeam's Forum Shopping

TracBeam's contention that transfer is appropriate will undermine the objectives of the Declaratory Judgment Act. "[L]itigation against or brought by the manufacturer of infringing

---

[7] Using TracBeam's logic, *any* future party would be forced to bring an action related to the two patents-in-suit in the Eastern District of Texas simply because TracBeam chose to file its first infringement action in that forum.

9

goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz. v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

Permitting transfer solely on the basis of lawsuits against TCS' or anyone else's customers would allow TracBeam to "bootstrap" TCS into a clearly inconvenient forum. *See Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 739 (1st Cir. Mass. 1977). Given that the purpose of the Declaratory Judgment Act is to permit the party who actually created the allegedly infringing product or service to resolve the sort of uncertainty raised by TracBeam's lawsuit against distributors and end users, transfer would undermine the objectives of the Act by limiting TCS' choice of forum – a limitation that is not set forth in the Act itself. *See Arrowhead Indus. Water Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988).

### G. The Remaining Factors are Neutral

TCS and TracBeam agree that the caseloads of the District of Colorado and Eastern District of Texas do not weigh significantly for or against transfer. (ECF No. 10 at 14). Similarly, TCS and TracBeam agree that the dispute concerns federal patent law, and thus the potential for conflicts of law to come into play is also neutral, as are the fair trial and enforceability of judgment factors.

## IV. CONCLUSION

TracBeam's request for transfer seeks only to shift burdens in this matter, not to increase judicial efficiency or accommodate the location of key witnesses. The Court should deny TracBeam's Motion to Transfer, according proper weight to plaintiff TCS's choice of the District of Colorado as the appropriate venue for this action.

## V. REQUEST FOR ORAL ARGUMENT

TCS respectfully requests oral argument on TracBeam's Motion.

10

Dated: December 9, 2011                    Respectfully submitted,

/s/ *Victor M. Morales*
Victor M. Morales, #16974
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
5613 DTC Parkway, Suite 1100
P.O. Box 4467
Greenwood Village, CO 80155-4467
Direct: (303) 226-8963
Telephone: (303) 293-8800
Fax: (303) 839-0036
E-mail: vmorales@mdmc-lawco.com

and

/s/ *Sid V. Pandit*
Edward A. Pennington
Stephanie D. Scruggs
Sid V. Pandit
MURPHY & KING
Professional Corporation
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: (202) 403-2100
Facsimile: (202) 429-4380
Email: eap@murphyking.com
       sds@murphyking.com
       svp@murphyking.com

*Attorneys for Plaintiff,*
*TeleCommunication Systems, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2011, I electronically filed Plaintiff TeleCommunication Systems, Inc.'s Memorandum in Opposition to Defendant TracBeam, L.L.C.'s Motion to Transfer Under 28 U.S.C. § 1404(a) with the Clerk of the Court through the CM/ECF system, which will send electronic notice of the filing to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Victor M. Morales*
Victor M. Morales