IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   11-cv-02519-WYD-MJW

TELECOMMUNICATION SYSTEMS, INC.,
a Maryland company,

       Plaintiff,

v.

TRACBEAM, L.L.C.,
a Colorado limited liability company,

       Defendant.

**PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S
SURREPLY TO DEFENDANT TRACBEAM, L.L.C.'S
MOTION TO TRANSFER UNDER 28 U.S.C. 1404(a)**

| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. TracBeam's Recent Disclosure of Pending Settlements with Multiple Defendants in the Texas Litigation Weighs Against Transfer | 1 |
| | B. TracBeam Misstated Facts Concerning the Location of Operative Witnesses | 2 |
| | C. TracBeam's Arguments Regarding the "Customer Suit Exception" are Misleading | 3 |
| | D. TracBeam Mischaracterizes the "Advanced" State of the Texas Litigation to Make Texas Seem a More Appealing Forum | 4 |
| | E. TracBeam Continues to Conflate the Arguments Regarding Transfer and Consolidation | 5 |
| III. | CONCLUSION | 5 |

Plaintiff TeleCommunication Systems, Inc. ("TCS"), by and through its undersigned counsel, submits this Surreply in Opposition to Defendant TracBeam, L.L.C.'s ("TracBeam") Motion to Dismiss Under 28 U.S.C. § 1404(a) (the "Motion").

## I. INTRODUCTION

TCS respectfully submits that this Surreply is required to address newly developed facts which bear directly on, and diminish the impact of, several arguments made by TracBeam in its Reply brief. Additionally, and relatedly, this Surreply is necessary to correct the record with respect to factual allegations inaccurately laid out by TracBeam in its Reply in Support of its Motion to Transfer Under 28 U.S.C. § 1404(a) ("Reply"). Finally, TCS disagrees with TracBeam's characterization of case law it uses in support of its Motion. TCS believes that the Court will benefit from an explanation of why the correct application of precedential case law favors TCS' position.

## II. ARGUMENT

### A. TracBeam's Recent Disclosure of Pending Settlements with Multiple Defendants in the Texas Litigation Weighs Against Transfer

TracBeam has relied heavily on the existence of its Texas litigation to argue for transfer of this case to Texas. TracBeam justifies its request for transfer by arguing that "this action could be consolidated with a more advanced lawsuit." Reply at 1. However, TracBeam failed to mention in both its Motion and Reply that it has reached "agreement in principle" with several defendants in the Texas litigation and "settlement in principle" with another.[1] For example, TracBeam argues that the presence of the Sprint-Nextel defendants in the Texas case means the

---

[1] *See* Dckt. Nos. 101, 109, 115, and 126 in *TracBeam, LLC v. AT&T Inc. et al.*, Civil Action No. 6:11-cv-96 (E.D. Tex. 2011).

facts in this action are closely related to those in the Texas litigation. However, in "agreed" motions requesting extensions of time to comply with various discovery obligations, TracBeam states that it has reached agreements with eight (8) different Sprint-Nextel defendants as well as an agreement with People's Wireless Services, directly and completely undercutting TracBeam's argument that the presence of the Sprint-Nextel defendants in the Texas case supports transfer. With each settlement, the relevance of the Texas litigation decreases. With each dismissal of a Texas-based defendant, the case's connection to Texas weakens, as does TracBeam's argument that transfer is appropriate.

**B.    TracBeam Misstated Facts Concerning the Location of Operative Witnesses**

In its Reply, TracBeam argues that "TCS focuses on the wrong party." Reply at 4. TracBeam continues to address only the infringement aspects of this case, conspicuously ignoring the fact that invalidity is a significant issue in this case (in addition to inventorship, estoppel, license, and other defenses that may become available to TCS based on information and/or witnesses located in Colorado). With respect to invalidity, *everything* is located in Colorado; nothing is located in Texas. TracBeam has not disputed, nor can it, that it is located in Colorado; its headquarters are located mere minutes from this Court; it is the home of one half of the alleged inventors of the patents at issue; and it is the forum from which the patents were prosecuted. Together, these facts, all conspicuously absent from TracBeam's reply, make Colorado the most convenient and most appropriate forum. *See Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519 (N. D. Tex. 1990) (transferring a declaratory judgment action to the district where defendants resided, where defendants' business records and employees were located, where defendants' decisions were made, and where one of the inventors resided); *Recton*

*Corp. v. Allsop, Inc.*, 999 F. Supp. 574, 577 (S.D.N.Y. 1998) (in part, transferring a declaratory judgment action involving patent infringement to the location where most of the patents were prosecuted). In a declaratory judgment for invalidity, the key witnesses are the inventors. One alleged inventor is located in Colorado; none are located in Texas.

In an attempt to steer the analysis away from the fact that Colorado is TracBeam's home turf, TracBeam attempts to undercut TCS' assertions regarding inconvenience to TCS employees and witnesses because the individuals are "unnamed." Reply at 9. TCS has specified that its employees and witnesses are in two states within close proximity to Colorado. In addition, the cases that TracBeam cites in support of this proposition all find that defendants, rather than plaintiffs, seeking transfer must not rely on allegations of inconvenienced unnamed individuals. *See AmTRAN Tech. Co. v. Funai Elec. Co., Ltd.*, 2009 U.S. Dist. Lexis 35330, *16 (W.D. Wis., April 27, 2009); *Gummow v. Superior Ratchet & Tool Co.*, 96-cv-50213, 1997 U.S. Dist. Lexis 9566, at *21 (ND. III. June 20, 1997). TracBeam attempts to shift the burden of proof to TCS in this regard, despite the clear admission in its own motion that the burden lies on the moving party. Motion at 4. It remains undisputed that TCS employees would be more inconvenienced by travelling to Texas than to Colorado; TracBeam's attempts to confuse the issue by applying defendant-specific case law to Plaintiff TCS should be ignored.

**C. TracBeam's Arguments Regarding the "Customer Suit Exception" are Misleading**

TracBeam attempts to discredit TCS' arguments about judicial efficiency by discussing the inapplicability of the "customer suit exception" – which was never invoked by TCS. Reply at 7-8. By discussing the "customer suit exception," TracBeam attempts to convince the Court to ignore the important differences between the Texas litigation and the present action: namely, the

3

Texas litigation would only address TCS' technology distributed to a defendant in that case, whereas the present case is broader and will address the infringement issues for all applications of TCS' technology. Neither the Texas case nor the instant case would be completely dispositive of the other. TracBeam's attempt to discredit an argument TCS did not make should not sway this Court's judgment.

### D. TracBeam Mischaracterizes the "Advanced" State of the Texas Litigation to Make Texas Seem a More Appealing Forum

TracBeam overstates the allegedly "advanced" state of the nascent Texas litigation. Eleven defendants in the Texas litigation have not yet filed answers.[2] The last two defendants in Texas to answer, Google, Inc. and Skyhook Wireless, Inc., did so only four months before this case was filed. The Texas case has been characterized by delay, much of it caused by or with the consent of TracBeam itself. First, TracBeam filed an Amended Complaint, which included new defendants, almost three full months after filing its original Complaint, and a mere four months before the instant case was filed. Moreover, as discussed above, TracBeam has regularly given multiple extensions of time to comply with certain discovery deadlines to those parties with whom TracBeam has reached or is close to reaching settlement. As this extension-granting practice continues, the allegedly "advanced state" of the Texas litigation disappears, as does the applicability of TracBeam's argument for transfer.

---

[2] *See* Dckt. Nos. 72 in *TracBeam, LLC v. AT&T Inc. et al.*, Civil Action No. 6:11-cv-96 (E.D. Tex. 2011) wherein the following defendants move to dismiss the complaint for failure to state a claim of willful infringement: AT&T Inc., AT&T Mobility, L.L.C, Cellco Partnership d/b/a Verizon Wireless, Nextel Communications of the Mid-Atlantic, Inc., Nextel South Corp., Nextel West Corp., Nextel of California, Inc., Nextel of New York, Inc., Nextel of Texas, Inc., Sprint Nextel Corporation, Sprint Spectrum L.P..

### E. TracBeam Continues to Conflate the Arguments Regarding Transfer and Consolidation

In both its Motion and Reply, TracBeam combines its arguments regarding the appropriateness of transfer to Texas with those respecting the propriety of consolidation with the Texas litigation. Not only does this conflation confuse the issues, it controverts the recently-enacted patent reform law's admonition against misjoinder. *See* 35 U.S.C. § 299(b). Specifically, guidance and clarification were given regarding allegations insufficient for joinder: "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id.* As such, the Texas court, despite TracBeam's unsupported contentions to the contrary, should not join the cases, even if transfer were ordered.

## III. CONCLUSION

For the foregoing reasons, TracBeam's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) should be denied.

Dated: January 3, 2012                    Respectfully submitted,

                                          /s/ *Victor M. Morales*
                                          Victor M. Morales, #16974
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
5613 DTC Parkway, Suite 1100
P.O. Box 4467
Greenwood Village, CO 80155-4467
Direct: (303) 226-8963
Telephone: (303) 293-8800
Fax: (303) 839-0036
E-mail: vmorales@mdmc-lawco.com

and

/s/ *Edward A. Pennington*
Edward A. Pennington
Stephanie D. Scruggs
Sid V. Pandit
MURPHY & KING
Professional Corporation
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: (202) 403-2100
Facsimile: (202) 429-4380
Email: eap@murphyking.com
       sds@murphyking.com
       svp@murphyking.com

*Attorneys for Plaintiff,*
*TeleCommunication Systems, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January 2011, a true and correct copy of the foregoing **PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S SURREPLY TO DEFENDANT TRACBEAM, L.L.C.'S MOTION TO TRANSFER UNDER 28 U.S.C. 1404(a)** was electronically filed with the Clerk of Court and served on the following parties using the CM/ECF system:

Gregory S. Dovel
Jonathan Gottfried
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

      *s/ Victor M. Morales*

      _____
      Victor M. Morales, #16974
      McELROY, DEUTSCH, MULVANEY
        & CARPENTER, LLP
      5613 DTC Parkway, Suite 1100
      P.O. Box 4467
      Greenwood Village, CO  80155-4467
      Direct:    (303) 226-8963
      Telephone: (303) 293-8800
      Fax:       (303) 839-0036
      E-mail:    vmorales@mdmc-lawco.com
      *Attorneys for Plaintiff*