IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02519-WYD-MJW

TELECOMMUNICATION SYSTEMS, INC., a Maryland company,

     Plaintiff,

v.

TRACBEAM, L.L.C., a Colorado limited liability company,

     Defendant.

---

## ORDER TO TRANSFER

---

I.    INTRODUCTION

On September 27, 2011, Plaintiff Telecommunication Systems, Inc. ("TCS") commenced this action against Defendant TracBeam, L.L.C. ("TracBeam"), a Colorado company, seeking a declaratory judgment of noninfringement and invalidity of two (2) United States patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Federal patent laws.  (ECF No. 1, Compl. ¶ 1).  This matter is before me on TracBeam's Motion to Transfer Under 28 U.S.C. § 1404 (the "Motion") (ECF No. 10), filed November 18, 2011.  Briefing on this Motion was delayed after both parties sought leave to file sur-replies, which I granted.[1]   Therefore, the Motion is fully briefed and ripe for decision.

Having carefully considered the Motion, response, reply and sur-replies, and all legal authorities, I grant TracBeam's Motion to Transfer for the reasons stated below.

---

[1] On January 10, 2012, TCS filed its sur-reply and TracBeam filed its sur-sur-reply.

My decision to order transfer of this action renders moot TracBeam's alternative Motion to Dismiss (ECF No. 6).

II.    DISCUSSION

        In the motion, TracBeam requests that I transfer this declaratory judgment action to the United States District Court for the Eastern District of Texas, where a nearly identical lawsuit is pending (the "Texas Action").[2]  More specifically, in February 2011, TracBeam filed the Texas Action alleging infringement of U.S. Patent Nos. 7,764,231 and 7,525,484 (the "TracBeam Patents").  Seven months later, TCS filed the instant declaratory judgment action, which involves the same TracBeam Patents at issue in the Texas Action.

        28 U.S.C. § 1404(a) provides "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).  Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, "the statute was intended to revise rather than merely codify the common

---

[2] As TracBeam asserts, the Texas Action involves closely related parties to this case. TracBeam is a party to both actions, and TCS: (1) claims to supply allegedly accused products and services to various defendants in the Texas Action; (2) has been identified as a potential party in the Texas Action; (3) has indicated that it is contractually obligated to indemnify the MetroPCS defendants in the Texas Action; and (4) may also control (pursuant to the indemnification agreement and using the same attorneys) the defense of the MetroPCS defendants in the Texas Action.  (ECF No. 13, Mot. at 1).

law."  *Id.*  District courts therefore enjoy greater discretion to transfer a case pursuant to

section 1404(a) than to dismiss the action based upon the forum non conveniens

doctrine.  *Id.*  The moving party bears the burden of demonstrating that the existing

forum is inconvenient.  *Id.*

The decision whether to transfer an action lies within the sound discretion of the

trial judge.  *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox*

*Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).  In exercising that discretion, the Court must

"adjudicate motions for transfer according to an 'individualized, case-by-case

consideration of convenience and fairness.'"  *Chrysler*, 928 F.2d at 1516 (quoting

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  Among the factors a district court

should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses

and other sources of proof, including the availability of compulsory process to insure

attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to

the enforceability of a judgment; (5) the relative advantages and obstacles to a fair trial;

(6) difficulties that may arise from congested dockets; (7) the possibility of the existence

of questions arising in the area of conflict of laws; (8) the advantage of having a local

court determine questions of local law; and (9) all other practical considerations that

make a trial easy, expeditious and economical.  *Id.* (citation omitted).

In this case, TCS has selected Colorado as its forum of choice, and as previously

set forth, a plaintiff's choice of forum is afforded substantial deference.  However, I

agree with TracBeam that this factor is entitled to less weight when the case's operative

facts have no connection with the forum, as here.  *See Alden Corp. v. Eazypower Corp.*,

294 F. Supp. 2d 233, 236-37 (D. Conn. 2003); *Mitsui Marine and Fire Ins. Co. Ltd. v. Nankai*, 245 F. Supp. 2d 523, 525 (S.D.N.Y. 2003); *Peters v. Graber Industries, Inc.*, No. CIV.A.91-1507-Bb, 1992 WL 420915, at *3 (D. Kan. 1992).

First, TCS does not reside in Colorado; it is a Maryland Corporation with offices in both Washington and California.  *See Spires v. Hosp. Corp. of Am.,* No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (holding that when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed.2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere).

Second, the basis of TCS's instant declaratory judgment action is that, in the Texas Action, TracBeam accused TCS's products and services of infringing on the TracBeam Patents arising, in part, from acts committed in Texas.  Thus, while TCS argues that Colorado is the more convenient forum because TracBeam and its managing partner are located in Colorado, I find this argument unavailing because the underlying alleged infringement is unconnected to Colorado.  TracBeam chose to file its infringement action in Texas because the alleged infringing activity occurred, for the most part, in Texas.  Thus, I find that this factor is not controlling.

I also find that since the Texas Action was filed seven months prior to this action and has progressed to a more advanced stage of litigation than the instant case, transferring this action to Texas would save both judicial and party resources.  The

-4-

same witnesses will likely be relevant to both this action and the Texas Action since both cases involve the TracBeam Patents and similar infringement issues.  Thus, proceeding with both actions in the same district would save witnesses from having to travel and testify in cases in two separate states.  I also note that the only witnesses with ties to Colorado are associated with TracBeam.  By filing its infringement suit in Texas and through its pleadings in this matter, TracBeam has indicated that it is not inconvenienced by litigating in the Eastern District of Texas.

I further find that in addition to conserving judicial resources, transferring a patent case to a district handling a similar case involving the same patents promotes uniformity in the construction of the patents.  The importance of uniformity in claim construction is best described in *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996). Congress created the Court of Appeals for the Federal Circuit to promote uniformity.  *Id.* at 390.  The Supreme Court emphasized "the importance of uniformity in the treatment of a given patent as an independent reason to allocate all issues of construction to the court."  *Id.*  Uncertainty regarding a patent's limits discourages invention and industrial innovation, whereas certainty fosters technological growth.  *Id.*  Here, because the Texas Action and the instant action involve the same TracBeam Patents, the argument for transfer is even stronger.[3]  I find that the need for uniformity in patent cases strongly favors transfer.

As to the remaining factors governing transfer, I find that they are essentially

---

[3] I note that the district judge in the Eastern District of Texas has set a *Markman* hearing in the Texas Action for later this year.

neutral and do not favor either jurisdiction.  Weighing all the factors discussed above, I conclude that the balance of equities tips strongly in favor of a transfer of this case to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

III.   CONCLUSION

Accordingly, I find that TracBeam's motion to transfer should be granted.  Based upon the foregoing, it is

ORDERED that TracBeam's Motion to Transfer Under 28 U.S.C. § 1404 (ECF No. 10) is **GRANTED.**  In accordance therewith, it is

ORDERED that TracBeam's Motion to Dismiss (ECF No. 6) is **DENIED AS MOOT.**  It is

FURTHER ORDERED that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Eastern District of Texas.

Dated:  February 6, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge